UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

| | |
|---|---|
| _____ )<br>**JESUS CUELLAR-AGUILAR,** )<br>**ANDRES ANDRADE-QUIJANO,** )<br>**FRANCISCO BERNARDO-GONZALEZ,** )<br>**ANDRES CONTRERAS-HERNANDEZ,** )<br>**JOSE DANIEL CUELLAR-AGUILAR,** )<br>**FREDERIK HERNANDEZ-LUCIANO,** )<br>**NARCISO HERNANDEZ-ZAVALETA,** )<br>**PORFIRIO HERNANDEZ-ZAVALETA,** )<br>**NATANAEL HERRERA-BARREDA,** )<br>**JAVIER LOPEZ-CELIS,** )<br>**ANGEL MARTINEZ-DAMASO,** )<br>**ESAU MORALES-TOLEDANO,** )<br>**CRISANTO ORTIZ-ORTIZ,** )<br>**SHANNA POWELL,** )<br>**SAMUEL RONQUILLO-JUAREZ,** )<br>**SHENENE SWANEPOEL,** )<br>**JOHN SWART,** )<br>**ENRIQUE VASQUEZ-ALEJO and** )<br>**JUAN MANUEL VASQUEZ-ALVAREZ,** )<br>individually and on behalf of )<br>all other persons similarly situated, )<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**DEGGELLER ATTRACTIONS, INC.,** )<br>)<br>    **Defendant.** )<br>_____) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 4:14-cv-114-JM<br><br>**CLASS ACTION** |

**AMENDED COMPLAINT FOR DAMAGES,**
**COSTS OF LITIGATION AND ATTORNEY'S FEE**

## PRELIMINARY STATEMENT

1.  This is an action by 19 migrant carnival workers employed by Defendant Deggeller Attractions, Inc. in the states of Arkansas, Florida, North Carolina, Virginia, Maryland, New Jersey and/or Pennsylvania at various points in 2009, 2010, 2011, 2012 and/or 2013.  The Plaintiffs bring this action on behalf of themselves and other Deggeller Attractions employees and former employees similarly situated to secure and vindicate rights afforded them by federal regulations governing the H-2B temporary foreign worker program, 20 C.F.R. §§655.100, *et seq.*, the minimum wage and overtime provisions under the Arkansas Minimum Wage Act ("AMWA"), Ark. §§11-4-201 *et seq.,* and common law.

2.  The Plaintiffs also seek relief on behalf of themselves and their fellow workers for the Defendant's willful filing of fraudulent tax information forms with regard to their employment during 2009 and 2010.   Instead of listing the workers' complete earnings on Forms W-2 as required by law, Defendant Deggeller Attractions, Inc. improperly classified almost half of the workers' earnings as per diem reimbursements as part of a scheme to avoid tax liability under the federal Insurance Contributions Act and the Federal Unemployment Tax Act, as well as its worker's compensation obligations.

3.   Defendant Deggeller Attractions, Inc. failed to pay minimum and overtime wages as required by the AMWA.  In addition, Defendant Deggeller Attractions, Inc. paid the Plaintiffs wages that routinely fell below the levels dictated by the H-2B regulations and required by the Plaintiffs' employment contracts.  The Plaintiffs' wages were further reduced by unlawful charges

for housing and by the Defendant's failure to reimburse pre-employment visa and transportation

expenses the Plaintiffs incurred principally for the Defendant's benefit.

4.   The Plaintiffs seek to recover their unpaid wages, actual, liquidated, and

compensatory damages and, to the extent appropriate, pre-and post-judgment interest.  The

Plaintiffs also seek a reasonable attorney's fee pursuant to 26 U.S.C. §7434(c)(3), and A.C.A

§11-4-218 (a)(1)(b)(2), and an award of costs.

## JURISDICTION

5.   This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(d) (the Class

Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs, there are more than 100 members of the proposed class, and the

Plaintiffs and members of the Class are citizens or subjects of a foreign state and Defendant is a

citizen of the state of Florida.   In addition, jurisdiction is conferred upon this Court by 28 U.S.C.

§1331, this action arising under the laws of the United States; by 26 U.S.C. §7434, this action

involving the Defendant's willful filing of fraudulent tax forms; and by 28 U.S.C. §1337, this

action arising under the Acts of Congress regulating commerce.

6.   This Court has supplemental jurisdiction over the related state law claims pursuant to

28 U.S.C. §1367, because these state law claims are so related to the federal claims that they

form part of the same case and controversy.

## VENUE

7.   Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).   Defendant Deggeller Attractions, Inc. is subject to this Court's personal jurisdiction with respect to this action.  A substantial part of the events giving rise to the Plaintiffs' claims occurred in this district at the Arkansas State Fair in Little Rock.

## PARTIES

8.   Plaintiffs Jesus Cuellar-Aguilar, Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanel Herrera-Barreda, Javier Lopez-Celis, Angel Martinez-Damaso, Esau Morales-Toledano, Crisanto Ortiz-Ortiz, Samuel Ronquillo-Juarez, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez are citizens of Mexico who reside in the states of either Veracruz or Puebla.  At all times relevant to this action, these Plaintiffs were H-2B temporary foreign workers admitted for employment with Defendant Deggeller pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(b).

9.   Plaintiffs Shanna Powell, Shenene Swanepoel and John Swart are citizens of South Africa.  Powell and Swanepoel are residents of Boksburg, while Swart is a resident of Cape Town.  During 2013, Plaintiffs Powell, Swanepoel and Swart were each employed by Defendant Deggellar Attractions, Inc. pursuant to an H-2B visa issued pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(b).   Plaintiff Swart was also employed Defendant Deggeller Attractions, Inc. during 2012 pursuant to an H-2B visa.

-4-

10.   Defendant Deggeller Attractions, Inc. ("Deggeller") is a closely-held Florida corporation.  It operates a traveling carnival midway business in Arkansas and various other states.

## FACTUAL ALLEGATIONS

11.   Billing itself as "America's Spectacular Midway," Defendant Deggeller operates midway attractions at fairs and other events in the southeastern and Middle Atlantic regions of the United States.  Among other things, Deggeller's midway operations include amusement rides, food concession booths and games of chance. In 2009, 2010, 2011, 2012 and 2013, Deggeller employed in excess of 75 workers annually at the Arkansas State Fair.

12.   To assist it in staffing its midway business, Deggeller annually applies to the United States Department of Labor for temporary labor certification to import individuals from Mexico and South Africa to work as amusement ride operators, food handlers and game attendants. The Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(B), permits a non-agricultural employer who anticipates a temporary or seasonal labor shortage to import alien workers to perform unskilled labor.  Aliens admitted availability of United States workers is largely determined liens admitted in this fashion are commonly referred to as "H-2B workers."

13.   In order to ensure that the employment of foreign workers will not adversely affect the wages of similarly-employed domestic workers, employers seeking to import H-2B workers must agree to pay the prevailing wage for the occupation and area, as determined by the United States Department of Labor, 20 C.F.R. §655.10(b)(2).

14.   In 2009, 2010, 2011, 2012 and 2013, Deggeller applied for and was granted temporary labor certification certifications for employment of H-2B workers.  As a condition of obtaining these certifications, in accordance with 29 C.F.R. §655.22, Deggeller promised the United States Department of Labor that throughout the certification period, Deggeller would pay at least the applicable prevailing wage to all H-2B and U.S. workers employed as ride operators, food servers, game attendants or ticket collectors.  The applicable prevailing wage varied depending on the location or state at which Deggeller's employees worked and was expressed as an hourly rate.  The Plaintiffs and the other H-2B workers were among the intended beneficiaries of the promises that Deggeller provided to the United States Department of Labor in its temporary labor certification applications.

15.   The United States Department of Labor granted Deggeller's temporary labor certification applications as described in Paragraph 14.   Upon receiving these temporary labor certifications, Deggeller recruited and hired the Plaintiffs and other individuals in Mexico and South Africa to enter the United States as H-2B workers to perform the tasks described in the temporary labor certification applications.  The recruitment and hiring of Mexican workers was performed by Deggeller's agent, JKJ Workforce Agency and its Mexican subcontractor, Victor Apolinar-Barrios.   The South African H-2B workers were recruited and hired by Deggeller's agent, Nuhorizons Staffing Solutions.

16.   The Plaintiffs were recruited, hired and employed as carnival workers by Deggeller pursuant to H-2B visas during the following years:

Andres Andrade-Quijano                2009

| | |
|---|---|
| Francisco Bernardo-Gonzalez | 2009, 2010, 2011, 2012 |
| Andres Contreras-Hernandez | 2010, 2011 |
| Jesus Cuellar-Aguilar | 2011, 2012 |
| Jose Daniel Cuellar-Aguilar | 2011, 2012, 2013 |
| Frederik Hernandez-Luciano | 2010, 2011, 2012, 2013 |
| Narciso Hernandez-Zavaleta | 2009, 2011, 2012, 2013 |
| Porfirio Hernandez-Zavaleta | 2009, 2011 |
| Natanael Herrera-Barreda | 2010, 2011 |
| Javier Lopez-Celis | 2011, 2012 |
| Angel Martinez-Damaso | 2009, 2010 |
| Esau Morales-Toledano | 2011 |
| Crisanto Ortiz-Ortiz | 2009, 2010, 2011, 2012 |
| Shanna Powell | 2013 |
| Samuel Ronquillo-Juarez | 2011, 2012 |
| Shenene Swanepoel | 2013 |
| John Swart | 2012, 2013 |
| Enrique Vasquez-Alejo | 2009, 2011, 2012 |
| Juan Manuel Vasquez-Alvarez | 2009, 2010, 2011, 2012, 2013 |

In each of these years, all of the Plaintiffs except for Plaintiffs Powell and Swanepoel worked assembling, disassembling, repairing, servicing and operating amusement rides for Deggeller. During 2013, Plaintiffs Powell and Swanepoel worked collecting tickets and fees for Deggeller.

17.  The Plaintiffs and the other H-2B workers were required to pay visa application fees and all or a portion of the cost of their transportation from their respective homes to the U.S. consulate and from the consulate to Deggeller's jobsite in the United States.   These fees were

paid to Deggeller's recruiting agents, JKJ Workforce Agency and/or Victor Apolinar-Barrios (for Mexican workers) and Nuhorizons Staffing Solutions (for South African workers). Deggeller never reimbursed the Plaintiffs and the other H-2B workers for these expenses, despite the fact that these costs reduced each worker's first workweek earnings below the applicable prevailing wage.

18.   While employed by Deggeller, the Plaintiffs and the other H-2B workers resided in housing facilities furnished by Deggeller.  These accommodations consisted of small rooms in a mobile trailer, often referred to as a "bunkhouse."  The bunkhouses did not meet applicable standards for temporary labor camps set out at 29 C.F.R. §1910.142.  Among other things, the bunkhouses did not provide the occupants with the requisite amount of square footage in floor space, lacked required ventilation and windows, were not equipped with cooking or refrigeration facilities, did not provide storage facilities for the workers' personal belongings.

19.   Deggeller deducted the sum of $60.00 per week from the wages of the Plaintiffs and each of the other H-2B workers for their quarters in the bunkhouses.  These charges exceeded the actual cost to Deggeller of furnishing these facilities to the workers.

20.   Despite the assurance provided in its temporary labor certifications that the ride operators, food handlers and game attendants would be paid wages at least equal to the applicable hourly prevailing wage, Deggeller paid the Plaintiffs and the other H-2B workers on a weekly basis at a flat rate, regardless of the hours actually worked.  The weekly rate was approximately $400 per week in 2009 and 2010 and $410 thereafter.  During the vast majority of workweeks, the weekly rate was less than the amount due the H-2B workers at the applicable prevailing hour wage for the hours worked.

21.   During the time they worked at the Arkansas State Fair in 2011, 2012 or 2013, Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other H-2B workers were employed in excess of 70 hours per week. For this work, these Plaintiffs and the other H-2B workers were paid the same flat weekly rate described in Paragraph 20.  Deggeller did not pay these Plaintiffs or the other H-2B workers wages at one-and-a-half times their regular rate for the hours worked in excess of 40 in a workweek while employed at the Arkansas State Fair in 2011, 2012 or 2013.

22.   Deggeller failed to make, keep and maintain payroll records showing the number of compensable hours worked by the Plaintiffs and the other H-2B workers, as required by federal and Arkansas law.

23.   Deggeller did not make, keep and maintain payroll records accurately reporting the wages paid to Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other H-2B workers during 2009 and 2010.  Instead, Deggeller's payroll records listed just over half of the wages paid to these Plaintiffs and the other H-2B workers in 2009 and 2010.  The remaining payments to these workers were paid "off the books" and characterized by Deggeller as per-diem reimbursements, even though these sums were simply a portion of each worker's regular weekly wages.   For work

performed by these Plaintiffs and the other H-2B workers in 2009 or 2010, Deggeller paid employment taxes under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act only on those portions of the workers' wages included on the company's payroll records. Deggeller paid no employment taxes or worker's compensation premiums on the portion of the workers' earnings paid "off the books" and characterized as per-diem reimbursements.

24.   Deggeller's effort to characterize a portion of the 2009 and 2010 earnings of Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda,  Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other H-2B workers employed in 2009 or 2010 as per-diem reimbursements was part of a scheme by Deggeller to defraud state and federal taxing authorities and the company's worker's compensation insurance carrier by lessening Deggeller's tax obligations and the amount of its worker's compensation insurance premiums.

25.   The 2009 and 2010 W-2 forms issued to and filed by Deggeller with respect to Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda,  Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other H-2B workers only included those wages listed on Deggeller's payroll records.  The 2009 and 2010 W-2 forms did not include the portion of the workers' wages paid "off the books" and characterized by Deggeller as per-diem reimbursements.

## CLASS ACTION ALLEGATIONS
## COUNT I - H-2B CONTRACT VIOLATIONS

26.    All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    With respect to Count I, the Plaintiffs seek to represent a subclass consisting of all H-2B temporary foreign workers who were employed pursuant to temporary labor certifications issued to Deggeller for work in 2009, 2010, 2011, 2012 or 2013 ("the H-2B contract subclass").

28.    The members of the H-2B contract subclass are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the H-2B contract subclass is known only to the Defendant but is believed to include over 200 individuals. The H-2B contract subclass is comprised of migrant workers who are citizens of Mexico or South Africa.  Many of the subclass members are not fluent in the English language.  Most subclass members are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the subclass members make the maintenance of separate actions by each subclass member economically infeasible.

29.    There are questions of law and fact common to the H-2B contract subclass.  These common legal and factual questions include whether Deggeller was legally obligated to pay the hourly prevailing wage for all compensable hours worked; whether Deggeller was obligated to reimburse the subclass members for their visa and inbound transportation expenses; and whether

Deggeller is entitled to a credit against its prevailing wage obligations for the bunkhouse facilities it furnished to the members of the subclass.

30   The Plaintiffs' claims are typical of those of the other subclass members and these typical, common claims predominate over any questions affecting only individual subclass members.  The Plaintiffs have the same interests as do other members of the H-2B contract subclass and will vigorously prosecute these interests on behalf of the subclass.

31.   The Plaintiffs will fairly and adequately represent the interests of the H-2B contract subclass.  The Plaintiffs have the same interests as do the other members of the H-2B contract subclass and will vigorously prosecute these interests on behalf of the subclass.

32.   The Plaintiffs' counsel are experienced in handling actions by temporary guestworkers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts.  The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the H-2B contract subclass members under Rule 23(c)(2).

33.  A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

> a.    The common issues of law and fact, as well as the relatively small size of the individual subclass members' claims, substantially diminish the interest of members of the subclass in individually controlling the prosecution of separate actions;

b.      Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.      There is no pending litigation against Deggeller by the members of the H-2A contract subclass to determine the legal questions presented in Count I;

d.      It is desirable that the claims be heard in this forum because many of the acts giving rise to the causes of action set out herein arose in this district; and

e.      A class action can be managed without undue difficulty because Deggeller regularly committed the violations complained of herein, and has records identifying each member of the H-2B contract subclass.

## CLASS ACTION ALLEGATIONS
## COUNT II - VIOLATIONS OF 26 U.S.C. §7434

34.    All claims set forth in Count II are brought by Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.    Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez seek certification under Rule 23(b)(3) of their claims under 26 U.S.C. §7434 relating to Deggeller's willful filing of fraudulent information forms with respect to the H-2B workers' earnings during 2009 and 2010.

36.    With respect to Count II, Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda,  Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez seek to represent a subclass consisting of all H-2B workers employed by Deggeller at any time during 2009 or 2010 ("the 26 U.S.C. §7434 subclass").

37.   The members of the 26 U.S.C. §7434 subclass members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the 26 U.S.C. §7434 subclass is known only to the Defendant but is believed to include over 150 individuals.  The 26 U.S.C. §7434 subclass is comprised of migrant workers who are citizens of Mexico or South Africa.  Many of the subclass members are not fluent in the English language. Most subclass members are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the subclass members make the maintenance of separate actions by each subclass member economically infeasible.

38.   There are questions of law and fact common to the 26 U.S.C. §7434 subclass.  These common legal and factual questions include whether Deggeller willfully omitted a portion of the earnings of the subclass members from its payroll records within the meaning of 26 U.S.C. §7434 and whether Deggeller's filing of W-2 forms underreporting the wages of the members of the subclass violated 26 U.S.C. §7434.

39.   The claims of Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquezare typical of those of the other members of the 26 U.S.C. §7434 subclass and these typical, common claims predominate over any questions affecting only individual subclass members.  The Representative Plaintiffs have the same interests as do other members of the 26 U.S.C. §7434 subclass and will vigorously prosecute these interests on behalf of the subclass.

40.    Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez  will fairly and adequately represent the interests of the 26 U.S.C. §7434 subclass.  The Representative Plaintiffs have the same interests as do the other members of the subclass and will vigorously prosecute these interests on behalf of the subclass.

41.    Counsel for Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez are experienced in handling actions in the federal courts and have previously served as counsel for a class certified under 26 U.S.C. §7434.   Counsel for the Representative Plaintiffs are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the 26 U.S.C. §7434 subclass under Rule 23(c)(2).

42.    A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.    The common issues of law and fact, as well as the relatively small size f the individual subclass members' claims, substantially diminish the

interest of members of the subclass in individually controlling the

prosecution of separate actions;

b.     Many members of the subclass are unaware of their rights to

prosecute these claims and lack the means or resources to secure legal

assistance;

c.     There has been no litigation already commenced against Deggeller by

the members of the 26 U.S.C. §7434 subclass to determine the questions

presented in Count II;

d.      It is desirable that the claims be heard in this forum because many of

the acts giving rise to the causes of action set out herein arose in this

district; and

e.     A class action can be managed without undue difficulty because

during 2009 and 2010, Deggeller regularly committed the violations

complained of herein, and  has records identifying each member of the 26

U.S.C. §7434 subclass.

## CLASS ACTION ALLEGATIONS
## <u>COUNT III - VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT</u>

43.    All claims set forth in Count III are brought by Representative Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44.   With respect to Count III, the Representative Plaintiffs seek to represent a subclass consisting of all H-2B temporary foreign workers who were employed by Deggeller at the Arkansas State Fair in 2011, 2012 and/or 2013 ("the Arkansas subclass").

45.    The members of the Arkansas subclass members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the Arkansas is known only to the Defendant but is believed to include over 150 individuals. The Arkansas subclass is comprised of migrant workers who are citizens of Mexico or South Africa.  Many of the subclass members are not fluent in the English language.  Most subclass members are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the subclass members make the maintenance of separate actions by each subclass member economically infeasible.

46.  There are questions of law and fact common to the Arkansas subclass.  These common legal and factual questions include whether Deggeller was subject to the minimum

wage and overtime provisions of the Arkansas Minimum Wage Act and whether Deggeller paid the members of the Arkansas subclass in accordance with the Act.

47.    The claims of Representative Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez are typical of those of the other members of the Arkansas subclass and these typical, common claims predominate over any questions affecting only individual class members.  These Representative Plaintiffs have the same interest as do other members of the class and will vigorously prosecute these interests on behalf of the class.

48.    Counsel for the Representative Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez are experienced in handling actions in the federal courts, including actions under state and federal statutes to recover wages due migrant guestworkers.  Counsel for these Representative Plaintiffs are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the Arkansas subclass under Rule 23(c)(2).

49.    A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.      The common issues of law and fact, as well as the relatively small

size of the individual subclass members' claims, substantially diminish the

interest of members of the subclass in individually controlling the

prosecution of separate actions;

b.      Many members of the subclass are unaware of their rights to

prosecute these claims and lack the means or resources to secure legal

assistance;

c.      There has been no litigation already commenced against Deggeller

by the members of the Arkansas subclass in which the questions of

Arkansas law here presented are being litigated;

d.      It is desirable that the claims be heard in this forum because the

cause of action set out herein arose in this district and this Court is well-

positioned to adjudicate questions of Arkansas law; and

e.      A class action can be managed without undue difficulty because

during the 2011, 2012 and 2013 Arkansas State Fairs, Deggeller regularly

committed the violations complained of herein, and has records identifying

each member of the Arkansas subclass.

## COUNT I
## (BREACH OF H-2 B CONTRACT)

50.   This count sets forth a claim for damages by the Plaintiffs and the other members of the H-2B contract subclass for Deggeller's breach of the regulations governing the H-2B program and the workers' employment contracts, as embodied in Deggeller's 2009, 2010, 2011, 2012 and 2013 temporary labor certification applications.

51.   In its temporary labor certification applications for 2009, 2010, 2011, 2012 and 2013, Deggeller promised to pay the hourly prevailing wage to all ride operators, food servers and game attendants employed during the certification period.

52.   The terms and conditions of employment contained in Deggeller's temporary labor certifications constituted an employment contract between Deggeller and the H-2B workers, the terms of which were supplied by federal regulations at 20 C.F.R. §655.22.

53.   Deggeller violated the regulations governing the H-2B program by failing to pay the Plaintiffs and the other members of the H-2B contract subclass wages at least equal to the hourly prevailing wage.  Instead, Deggeller paid the Plaintiffs and the other members of the H-2B contract subclass a flat weekly wage of between $400 and $410, regardless of the number of hours worked during the workweek.

54.   Deggeller breached its employment contracts with the Plaintiffs and the other members of the H-2B contract subclass by paying wages less than the prevailing wage rate.

55.   As a result of Deggeller's actions as described in this count, the Plaintiffs and the other members of the H-2B contract subclass have been denied wages due them under their employment contracts and the regulations governing the H-2B program.

**COUNT II**
**(WILLFUL FILING OF FRAUDULENT INFORMATION RETURNS)**

56.     This count sets forth a claim by Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the 26 U.S.C. §7434 subclass for Deggeller's willful filing of fraudulent information returns in violation of 26 U.S.C. §7434.

57.     With respect to the employment during 2009 and 2010 of Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the 26 U.S.C. §7434 subclass, Deggeller willfully filed W-2 forms containing fraudulent information regarding these workers' earnings.  The W-2 forms filed by Deggeller for calendar years 2009 and 2010 listed only about half of the worker's actual earnings, and excluded that portion of the workers' earnings that were paid "off the books" and characterized by Deggeller as per-diem reimbursements.  By filing the fraudulent W-2 forms, Deggeller substantially reduced its obligation for payment of taxes pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act.

## COUNT III
## (ARKANSAS MINIMUM WAGE ACT)

58.   This count sets forth a claim by Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the Arkansas subclass for Deggeller's failure to pay minimum wage and overtime wages as required by the Arkansas Minimum Wage Act for work performed during 2011, 2012 and/or 2013 at the Arkansas State Fair.

59.   Deggeller failed to pay Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the Arkansas subclass at least $6.25 for every compensable hour each of them was employed at the Arkansas State Fair during 2011, 2012 and 2013, in violation of Arkansas Code Annotated §11-4-210.

60.   Deggeller failed to pay Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the Arkansas

subclass overtime wages as required by Arkansas Code Annotated §11-4-211(a) for their work at the 2011, 2012 and 2013 Arkansas State Fairs, despite the fact that these workers routinely worked in excess of 40 hours per week.

61.   As a result of the violations of the Arkansas Minimum Wage Act as set out in this count, Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and the other members of the Arkansas subclass are entitled to recover the amount their unpaid minimum and overtime wages plus an equal amount as liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE the Plaintiffs pray this Court to issue an order:

a..  Allowing the claims set out in Count I to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers who were employed pursuant to temporary labor certifications issued to Deggeller Attractions, Inc. for work in 2009, 2010, 2011, 2012 or 2013 ("the H-2B contact subclass");

b.      Allowing the claims set out in Count II to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers employed by Deggeller Attractions, Inc. at any time during 2009 or 2010 ("the 26 U.S.C. §7434 subclass");

c.    Allowing the claims set out in Count III to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers who were employed by Deggeller Attractions, Inc. at the Arkansas State Fair in 2011, 2012 and/or 2013 ("the Arkansas subclass");

d.    Granting judgment in favor of the Plaintiffs and the other members of the H-2B contract subclass on their contract claims set forth in Count I and awarding each of them his or her actual and compensatory damages;

e.  Granting judgment in favor of Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-

Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-Alejo and Juan Manuel Vasquez-Alvarez and

the other members of the 26 U.S.C. §7434 subclass on their claims relating to Deggeller

Attraction, Inc.'s willful filing of fraudulent information forms in 2009 and 2010 as set out in

Count II, and awarding each of them $5,000 in statutory damages in accordance with 26 U.S.C.

§7434(b);

f.  Granting judgment in favor of Plaintiffs Francisco Bernardo-Gonzalez, Andres

Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-

Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto

Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, Enrique Vasquez-

Alejo and Juan Manuel Vasquez-Alvarez and the other members of the Arkansas subclass and

awarding each of them the amount of unpaid minimum and overtime wages as well as liquidated

damages for their work at the Arkansas State Fair during 2011, 2012 and/or 2013;

g.  Awarding the Plaintiffs the costs of this action;

h.   Awarding the Plaintiffs a reasonable attorney's fee; and

i.  Granting such further relief as this Court deems just and equitable.


Respectfully submitted,


*/s/ Annie B. Smith*
Annie B. Smith
Arkansas Bar Number 2013005
University of Arkansas School of Law
1045 W. Maple Street
Waterman Hall – Room 107
Fayetteville, Arkansas 72701
Telephone:     (479) 575-3056
Facsimile:     (479) 575-2815
e-mail: abs006@uark.edu

*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
e-mail: Victoria@Floridalegal.Org

*/s/ Vanessa Coe*
Vanessa Coe
Florida Bar Number 096788
e-mail: Vanessa@Floridalegal.Org

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
e-mail: Greg@Floridalegal.Org


**FLORIDA LEGAL SERVICES, INC.**
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:      (561) 582-3921
Facsimile:      (561) 582-4884


*Attorneys for Plaintiffs*