IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

Western Division

JESUS CUELLAR-AGUILAR,
ANDRES ANDRADE-QUIJANO,
FRANCISCO BERNARDO-GONZALEZ,
ANDRES CONTRERAS-HERNANDEZ,
JOSE DANIEL CUELLAR-AGUILAR,
FREDERIK HERNANDEZ-LUCIANO,
NARCISO HERNANDEZ-ZAVALETA,
PORFIRIO HERNANDEZ-ZAVALETA,
NATANEL HERRERA-BARREDA,
JAVIER LOPEZ-CELIS,
ANGEL MARTINEZ-DAMASO,
ESAU MORALES-TOLEDANO,      CASE NO.:
CRISANTO ORTIZ-ORTIZ,
SHANNA POWELL,              14-00114-cv-JM
SAMUEL RONQUILLO-JUAREZ,
SHENENE SWANPOEL,
JOHN SWART,
ENRIQUE VASQUEZ-ALEJO, and
JUAN MANUEL VASQUEZ-ALVAREZ,
individually and on behalf of all other
persons similarly situated,

      Plaintiffs,

v.

DEGGELLER ATTRACTIONS, INC.,

      Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Deggeller Attractions, Inc. ("Defendant" or "Deggeller"), pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.2, hereby moves to dismiss Plaintiffs, Jesus Cuellar-Aguilar, Andres Andrade-Quijano, Francis Bernardo Gonzalez, Andres Contreras-Hernandez, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-

Zavaleta, Natanel Herrera-Barreda, Javier Lopez-Celis, Angel Martinez-Damaso, Esau Morales-Toledano, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanpoel, John Swart, Enrique Vasquez-Alejo, and Juan Manuel Vasquez-Alvarez's ("Plaintiffs"), Amended Complaint, and states as follows:

## I. INTRODUCTION

Deggeller is a small, family-owned (and run) business that operates carnivals in several states across the country, including Arkansas. Members of the Deggeller family have been in the carnival business since 1959. In addition to the other fairs it "plays" each year, Deggeller has had the contract for the Arkansas State Fair (held each year in Little Rock) for more than a decade. Not all of Deggeller's fairs are the same size as the Arkansas State Fair. Similarly, not all of Deggeller's fairs have the same hours of operation or operate for the same number of days as the Arkansas State Fair. Thus, Deggeller has different employment needs at each of its fairs. As a result, and as Deggeller has expanded over the years, it has found itself in need of additional labor to run its business.

Along those lines, in 2005, Deggeller began supplementing its workforce with foreign labor. Initially Deggeller hired its foreign labor through the J-1 program, but later was forced to turn to the H-2B program.[1] Deggeller has been generally pleased with its foreign workers. Indeed, most of the foreign workers have been hard-working, loyal, and reliable and, for one reason or another, most of them have wanted to return to work for Deggeller year after year.

The Plaintiffs herein are either Mexican or South African citizens and are some of the foreign workers Deggeller employed in various years.

---

[1] The term "H-2B" is derived from the statutory section pursuant to which the workers were admitted for employment – to wit, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

For the reasons discussed in Deggeller's Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint filed simultaneously herewith, Plaintiffs' claims are without merit and should be dismissed because they fail to state causes of action upon which relief can be granted.

## II. MOTION

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." Twombly, 550 U.S. at 555 (internal citations and quotations omitted); see also Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Zutz, 601 F.3d at 848. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

Collectively, the Plaintiffs have filed an Amended Complaint on behalf of themselves and all others similarly situated, alleging three separate causes of action against Deggeller (DE # 7).

In Count I, Plaintiffs claim Deggeller breached a "contract" that was allegedly formed *between the parties* when Deggeller submitted temporary labor certification applications *to the United States Department of Labor* for permission to hire H-2B workers. This claim must be dismissed because no authority exists for the proposition that Plaintiffs had a contractual relationship with Deggeller based on temporary labor certifications Deggeller submitted to the United States Department of Labor.

In Count II, Plaintiffs have alleged a violation of an obscure provision of the IRS Tax Code that is designed to help people who, among other things, have had their earnings over-reported to the IRS. This claim must be dismissed because Plaintiffs are not members of the class of persons the statute was designed to protect and because the Plaintiffs have not suffered any harm.

In Count III, Plaintiffs contend Deggeller violated the Arkansas Minimum Wage Act. Count III of the Amended Complaint must be dismissed because it is preempted by the Fair Labor Standards Act (the "FLSA"); a majority of the Plaintiffs have already agreed Deggeller is exempt from the FLSA for the time period in question. Even if this claim is not preempted by the FLSA, if the Court dismisses Counts I and II of the Amended Complaint, the Court should decline its discretionary supplemental jurisdiction over Count III.

WHEREFORE, Defendant, Deggeller Attractions, Inc., respectfully requests that the Court enter an order dismissing Plaintiffs' Amended Complaint in its entirety and grant Deggeller such other and further relief as the Court deems just, equitable and proper.

Dated: this 5th day of May, 2014.

    Respectfully submitted,

    JAMES, CARTER & COULTER, PLC
    500 Broadway
    Little Rock, Arkansas 72203
    Telephone: (501) 372-1414
    Facsimile: (501) 372-1659


    By:   /s/ *John D. Coulter*
        John D. Coulter
        Arkansas Bar No.: 98148
        jcoulter@jamescarterlaw.com

and

**GRAYROBINSON, P.A.**
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887


By:   /s/ Terrance W. Anderson, Jr.
      Juan C. Martinez
      Florida Bar No.: 9024
      juan.martinez@gray-robinson.com
      T.W. Anderson, Jr.
      Florida Bar No.: 27426
      terrance.anderson@gray-robinson.com


## CERTIFICATE OF SERVICE

I hereby certify that on May  5th, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and via U.S. mail.


By:   /s/ *John D. Coulter*
      John D. Coulter

## SERVICE LIST

*Counsel for Plaintiffs*

**Annie B. Smith, Esq.**
University of Arkansas School of Law
1045 W. Maple Street
Waterman Hall – Room 107
Fayetteville, Arkansas 72701
Telephone: (479) 575-3056
Facsimile: (479) 575-2815
<u>Abs006@uark.edu</u>
*Served via CM/ECF*

**and**

**Vanessa A. Coe, Esq.**
**Victoria Mesa, Esq.**
**Gregory S. Schell, Esq.**
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida 33460
Telephone: (561) 582-3921
<u>Vanessa@floridalegal.org</u>
<u>Victoria@floridalegal.org</u>
<u>greg@floridalegal.org</u>
*Served via CM/ECF*

\321332\3 - TANDERSON - # 1353556 v1