IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JESUS CUELLAR-AGUILAR, et al.,**                              **PLAINTIFFS**

**V.**                            **4:14CV114 JM**

**DEGGELLER ATTRACTIONS, INC.**                                **DEFENDANT**

### ORDER

Pending is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint.  Plaintiffs have responded and the Defendant has replied.  For the reasons set forth below, the Motion is granted.

Plaintiffs are migrant carnival workers who were employed by Defendant Deggeller Attractions, Inc. pursuant to the H-2B temporary foreign worker program.  Out of the nineteen (19) Plaintiffs, three (3) are citizens of South Africa and sixteen (16) are citizens of Mexico.  The H-2B program permits U.S. employers to recruit and hire temporary unskilled, non-agricultural workers from abroad to fill positions when they cannot locate qualified U.S. workers.

In order to hire H-2B workers an employer must obtain a temporary labor certification from the U.S. Department of Labor ("DOL").  To obtain the certificate, the employer must apply to the DOL for a prevailing wage determination and submit a work order with the state workforce agency serving the area of employment.  The employer's job order must include, inter alia, "the wage that the employer is offering, intends to offer, or will provide to H-2B workers . . . and ensure that the wage offer equals or exceeds the highest prevailing wage or the Federal, State, or local minimum wage." 20 C.F.R. § 655.18(b)(5).  The temporary labor certificate is issued if the Secretary of Labor determines that there are not sufficient U.S. workers who are

qualified or available to perform the temporary services and that the employment of the H-2B workers will not adversely affect the wages and working conditions of U.S. workers similarly employed. 20 C.F.R. § 655.1. After the Department of Labor issues the temporary labor certificate, the employer must file an H-2B application with the Department of Homeland Security.

The Court has federal question jurisdiction over Plaintiff's complaint because Plaintiff has made a claim under 26 U.S.C. § 7434 and the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs contend that the Defendant has filed fraudulent tax forms in violation of 26 U.S.C. § 7434. Plaintiffs, on behalf of themselves and all others similarly situated, contend that the Defendant breached a contract with them when the Defendant failed to comply with its promise to pay the applicable prevailing wage. Plaintiffs also claim that they were not paid minimum or overtime wages for their work performed at the Arkansas State Fair in violation of the Arkansas Minimum Wage Act.

Defendant has filed a motion to dismiss Plaintiffs' Amended Complaint. The Defendant argues that it could not have breached a contract with the Plaintiffs because no contract ever existed. Defendant also argues that Plaintiffs have not stated a claim for filing fraudulent tax forms because their claim is not the type of harm the statute was designed to prevent, because Plaintiffs are not member of the class the statute was designed to help, and because the Plaintiffs have not stated any damages. Finally, the Defendant contends that the Arkansas Minimum Wage Act claim is pre-empted by the Fair Labor Standards Act, or in the alternative, the Court should decline to exercise supplemental jurisdiction over the claim.

I.  Standard for 12(b)(6) Motion

The United States Supreme Court clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

II.     Breach of Contract claim

The Court has reviewed the caselaw cited by the parties regarding whether an H-2B worker has an employment contract with their employer pursuant to common law. The Court finds *Garcia v. Frog Island Seafood, Inc*., 644 F.Supp. 2d 696 (E.D.N.C. 2009) to be most analogous to the instant case and the most persuasive. In *Garcia*, the plaintiff H-2B workers

3

sued their employer for breach of contract. The plaintiffs acknowledged that there was no H-2B contract created by statute, but claimed instead that the H-2B Clearance Orders, or work orders, were unilateral contracts under North Carolina common law. The court rejected the plaintiffs' contract theory. The court compared the H-2A and H-2B programs and found one "noteworthy difference." *Id.* at 716-717. "In particular, while federal regulations governing the H-2A program provide that '[i]n the absence of a separate, written work contract entered into between the [H-2A] employer and the worker, the required terms of the job order and application . . . shall be the work contract, no similar provision exists under the H-2B regulations." *Id.* at 717 (quoting 20 C.F.R. § 655.102(b)(14); 29 C.F.R. § 501.10(d); 20 C.F.R. § 655.4). The court quoted a previous North Carolina district court case saying, "in fact, under the H-2B program, foreign workers 'are guaranteed only that their pay will be consistent with the prevailing wage for the assigned locality. An H-2B worker . . . has *no employment contract* or work guarantee.'" *Id.* (quoting *Olvera-Morales v. Int'l Labor Mgmt, Corp.*, 246 F.R.D. 250, 253 (M.D.N.C. 2007) (emphasis in original)).

      Plaintiffs cite the Court to several cases which find an employment contract to exist between an H-2A worker and their employer. As the *Garcia* court explained, these cases are inapposite to the instant case. Plaintiffs also cite *DeLeon-Granados v. Eller & Sons Trees, Inc.,* 581 F.Supp.2d 1295 (N.D.Ga. 2008). In *DeLeon-Granados,* the court found the defendant employer liable to H-2B workers for promises made in the work order pursuant to the Agricultural and Seasonal Agricultural Worker Protection Act, not under a common law contract theory. *See* 29 U.S.C. §§ 1801-1871 (1999). Plaintiffs in the instant case are not protected by AWPA.

Accordingly, the Court finds that the Plaintiffs have failed to set forth a breach of contract claim because there is no contract between the Plaintiffs and the Defendant as a matter of law.

### III. Tax Fraud claim

Plaintiffs claim that the Defendant violated 26 U.S.C. § 7434 by willfully omitting a portion of the Plaintiffs' earnings from its payroll records and filing W-2 forms which under-reported the wages of the Plaintiffs. As a result, Plaintiffs allege that the Defendant substantially reduced its obligation for payment of taxes pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act. Plaintiffs have not alleged any damages but seek statutory damages from the Defendant.

The Defendant argues that Plaintiffs have not, and cannot, state a claim pursuant to 26 U.S.C. § 7434 because Plaintiffs, whose income was under-reported, are not members of the class of persons the statute was designed to protect and because Plaintiffs have not alleged any actual harm or damages.

Section 7434 (a) provides:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

26 U.S.C.A. § 7434 (West). In the Complaint, Plaintiffs state that the Defendant "willfully filed W-2 forms containing fraudulent information regarding . . . workers' earnings." (Complaint, ECF No. 7, p. 23). Plaintiffs state that the Defendant listed only half of their actual earnings, and excluded earnings that were paid "off the books." *Id.*

"To create an actionable claim under 26 U.S.C. § 7434, the information return itself must

be fraudulent. In addition, a claim under 26 U.S.C. § 7434 requires proof of deceitfulness or bad faith in connection with filing an information return." *Rossman v. Lazarus*, 2008 WL 4181195, at \*6 (E.D. Va. Sept. 3, 2008) (citing *Bailey v. Shell Western E & P, Inc.*, 1998 WL 185520, at \*2-3 (N.D.Tex. Apr. 14, 1998) (dismissing Plaintiff's 26 U.S.C. § 7434 claim because the information return was accurate); *Nash v. United States*, 2004 WL 3176885, at \*6 (E.D.Mo. Oct. 12, 2004) (finding insufficient the plaintiff's assertion of fraud under 26 U.S.C. § 7434 without any supporting evidence)). There is no discussion in the statute or any caselaw that the information return filed by the defendant must over-report the plaintiff's income to be actionable.

The statute does, however, state that a plaintiff "may bring a civil action for *damages* against the person so filing such return." 26 U.S.C. § 7434(a). Plaintiffs do not allege any damages as a result of Defendant's fraudulent filing. Plaintiffs merely state that the Defendant's fraud substantially reduced the Defendant's tax obligation, *i.e.* damage to the United States. Although courts considering claims pursuant to § 7434 have not discussed whether damage is an element of this claim, a plain reading of the statute indicates that it is. Therefore, Plaintiffs' §7434 claim must be dismissed for failure to allege damage. Moreover, there is no indication that the Plaintiffs, citizens of Mexico or South Africa, could incur damages from fraudulent W-2 filings because they were foreign workers admitted into the United States for a limited period of time.

  IV. <u>Arkansas Minimum Wage Act claim</u>

After dismissal of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(a), (c); *Crest Const. II,*

*Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

V.   Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss (ECF No. 13) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 29th day of October, 2014.

_____
James M. Moody Jr.
United States District Judge