UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

| | | |
|---|---|---|
| **JESUS CUELLAR-AGUILAR,** | ) | |
| **ANDRES ANDRADE-QUIJANO,** | ) | |
| **FRANCISCO BERNARDO-GONZALEZ,** | ) | |
| **ANDRES CONTRERAS-HERNANDEZ,** | ) | |
| **JOSE DANIEL CUELLAR-AGUILAR,** | ) | |
| **FREDERIK HERNANDEZ-LUCIANO,** | ) | |
| **NARCISO HERNANDEZ-ZAVALETA,** | ) | |
| **PORFIRIO HERNANDEZ-ZAVALETA,** | ) | |
| **NATANAEL HERRERA-BARREDA,** | ) | |
| **JAVIER LOPEZ-CELIS,** | ) | |
| **ANGEL MARTINEZ-DAMASO,** | ) | |
| **ESAU MORALES-TOLEDANO,** | ) | |
| **CRISANTO ORTIZ-ORTIZ,** | ) | |
| **SHANNA POWELL,** | ) | |
| **SAMUEL RONQUILLO-JUAREZ,** | ) | |
| **SHENENE SWANEPOEL,** | ) | |
| **JOHN SWART and** | ) | |
| **ENRIQUE VASQUEZ-ALEJO,** | ) | |
| individually and on behalf of | ) | |
| all other persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-114-JM |
| | ) | |
| **DEGGELLER ATTRACTIONS, INC.,** | ) | <u>**CLASS ACTION**</u> |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT FOR DAMAGES, <br> <u>COSTS OF LITIGATION AND ATTORNEY'S FEE</u>

## PRELIMINARY STATEMENT

1.  This is an action by 18 migrant carnival workers employed by Defendant Deggeller Attractions, Inc. in the states of Arkansas, Florida, North Carolina, Virginia, Maryland, New Jersey and/or Pennsylvania at various points in 2009, 2010, 2011, 2012 and/or 2013.  The Plaintiffs bring this action on behalf of themselves and other Deggeller Attractions employees and former employees similarly situated to secure and vindicate rights afforded them by federal regulations governing the H-2B temporary foreign worker program, 20 C.F.R. §§655.100, *et seq.*, the minimum wage and overtime provisions under the Arkansas Minimum Wage Act ("AMWA"), Ark. §§11-4-201 *et seq.,* and common law.

2.  The Plaintiffs also seek relief on behalf of themselves and their fellow workers for the Defendant's willful filing of fraudulent tax information forms with regard to their employment during 2009 and 2010.   Instead of listing the workers' complete earnings on Forms W-2 as required by law, Defendant Deggeller Attractions, Inc. improperly classified almost half of the workers' earnings as per diem reimbursements as part of a scheme to avoid tax liability under the federal Insurance Contributions Act and the Federal Unemployment Tax Act, as well as its worker's compensation obligations.

3.   Defendant Deggeller Attractions, Inc. failed to pay minimum and overtime wages as required by the AMWA.  In addition, Defendant Deggeller Attractions, Inc. paid the Plaintiffs wages that routinely fell below the levels dictated by the H-2B regulations and required by the Plaintiffs' employment contracts.  The Plaintiffs' wages were further reduced by unlawful charges for housing and by the Defendant's failure to reimburse pre-employment visa and transportation expenses the Plaintiffs incurred principally for the Defendant's benefit.

4.   The Plaintiffs seek to recover their unpaid wages, actual, liquidated, and compensatory damages and, to the extent appropriate, pre-and post-judgment interest.  The Plaintiffs also seek a reasonable attorney's fee pursuant to 26 U.S.C. §7434(c)(3), and A.C.A §11-4-218 (a)(1)(b)(2), and an award of costs.

## JURISDICTION

5.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(d) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members of the proposed class, and the Plaintiffs and members of the Class are citizens or subjects of a foreign state and Defendant is a citizen of the state of Florida.   In addition, jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this action arising under the laws of the United States; by 26 U.S.C. §7434, this action involving the Defendant's willful filing of fraudulent tax forms; and by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce.

6.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367, because these state law claims are so related to the federal claims that they form part of the same case and controversy.

## VENUE

7.  Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).   Defendant Deggeller Attractions, Inc. is subject to this Court's personal jurisdiction with respect to this action.  A substantial part of the events giving rise to the Plaintiffs' claims occurred in this district at the Arkansas State Fair in Little Rock.

- 3 -

## PARTIES

8.   Plaintiffs Jesus Cuellar-Aguilar, Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanel Herrera-Barreda, Javier Lopez-Celis, Angel Martinez-Damaso, Esau Morales-Toledano, Crisanto Ortiz-Ortiz, Samuel Ronquillo-Juarez and Enrique Vasquez-Alejo are citizens of Mexico who reside in the states of either Veracruz or Puebla.  At all times relevant to this action, these Plaintiffs were H-2B temporary foreign workers admitted for employment with Defendant Deggeller pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(b).

9.   Plaintiffs Shanna Powell, Shenene Swanepoel and John Swart are citizens of South Africa.  Powell and Swanepoel are residents of Boksburg, while Swart is a resident of Cape Town.  During 2013, Plaintiffs Powell, Swanepoel and Swart were each employed by Defendant Deggellar Attractions, Inc. pursuant to an H-2B visa issued pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(b).   Plaintiff Swart was also employed Defendant Deggeller Attractions, Inc. during 2012 pursuant to an H-2B visa.

10.   Defendant Deggeller Attractions, Inc. ("Deggeller") is a closely-held Florida corporation.  It operates a traveling carnival midway business in Arkansas and various other states.

## FACTUAL ALLEGATIONS

11.   Billing itself as "America's Spectacular Midway," Defendant Deggeller operates midway attractions at fairs and other events in the southeastern and Middle Atlantic regions of the United States.  Among other things, Deggeller's midway operations include amusement rides,

food concession booths and games of chance. In 2009, 2010, 2011, 2012 and 2013, Deggeller

employed in excess of 75 workers annually at the Arkansas State Fair.

12.   To assist it in staffing its midway business, Deggeller annually applies to the United

States Department of Labor for temporary labor certification to import individuals from Mexico

and South Africa to work as amusement ride operators, food handlers and game attendants. The

Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(B), permits a non-agricultural

employer who anticipates a temporary or seasonal labor shortage to import alien workers to

perform unskilled labor.  Aliens admitted in this fashion are commonly referred to as "H-2B

workers."

13.   In order to obtain H-2B visas, an employer must obtain a certification from the

United States Department of Labor (DOL) stating that the aliens' employment will not adversely

affect the wages and working conditions of similarly employed U.S. workers. 8 C.F.R.

§214.2(h)(6)(iv).   To make this certification, DOL requires the petitioning employer to set forth,

on Form ETA 9142, the terms of work it is offering to the H-2B workers it seeks, including the

"basic rate of pay offered."  Form ETA 9142, §G.1,  available online at

www.foreignlaborcert.doleta.gov/pdf/.   By regulation, the rate of pay offered may not be less

than the prevailing hourly wage set by the Department of Labor.  20 C.F.R. §655.10(b).   The

employer is required to attest to the accuracy of the job offer information in the Form ETA 9142

by signing it under penalty of perjury.

14.   In 2009, 2010, 2011, 2012 and 2013, Deggeller applied for and was granted

temporary labor certifications for employment of H-2B workers.  Copies of Defendant's

approved applications for 2010, 2011 and 2012 accompany this Second Amended Complaint as

Exhibit 1.   Each of these approved applications offered specified hourly wage rates to be paid to

the H-2B workers.   As a condition of obtaining these certifications, in accordance with 29 C.F.R.

§655.22, Deggeller promised the DOL that throughout the certification period, Deggeller would

pay at least the applicable prevailing wage to all H-2B and U.S. workers employed as ride

operators, food servers, game attendants or ticket collectors.   The applicable prevailing wage

varied depending on the location or state at which Deggeller's employees worked and was

expressed as an hourly rate.   The Plaintiffs and the other H-2B workers were among the intended

beneficiaries of the promises that Deggeller provided to the United States Department of Labor

in its temporary labor certification applications.

15.   The United States Department of Labor granted Deggeller's temporary labor

certification applications as described in Paragraph 14.   Upon receiving these temporary labor

certifications, Deggeller recruited and hired the Plaintiffs and other individuals in Mexico and

South Africa to enter the United States as H-2B workers to perform the tasks described in the

temporary labor certification applications.   The recruitment and hiring of Mexican workers was

performed by Deggeller's agent, JKJ Workforce Agency and its Mexican subcontractor, Victor

Apolinar-Barrios.   The South African H-2B workers were recruited and hired by Deggeller's

agent, Nuhorizons Staffing Solutions.

16. At the time of their recruitment, the Plaintiffs and the other class members were

informed in writing by Deggeller's agents of the terms of employment being offered, including

the hourly wage rates set forth in Deggeller's temporary labor certification applications.

17.  The Plaintiffs and other similarly situated individuals accepted Deggeller's offer of employment, including the wage rates described by Deggeller's agents and offered in its certification applications.  Plaintiffs accepted the offered terms by coming to the United States and commencing work for Deggeller.

18.  By accepting Deggeller's offers of employment and entering into an employment relationship with Deggeller, the Plaintiffs and the other class members entered into a contractual relationship with Deggeller.  The terms of that contractual relationship are set forth in Deggeller's approved labor certification applications and in the disclosures provided by Defendants' agents.  Because Defendant received the benefit of H-2B visas based on the terms listed in the labor certification applications, it is estopped from denying that those are the terms of the employment relationship.  In addition, because wage terms set forth in the labor certification application required by DOL regulation, those wage terms are incorporated into Plaintiffs' contractual relationship with Defendants as a matter of law.

19.  The Plaintiffs were employed as carnival workers by Deggeller pursuant to H-2B visas during the following years:

| | |
|---|---|
| Andres Andrade-Quijano | 2009 |
| Francisco Bernardo-Gonzalez | 2009, 2010, 2011, 2012 |
| Andres Contreras-Hernandez | 2010, 2011 |
| Jesus Cuellar-Aguilar | 2011, 2012 |
| Jose Daniel Cuellar-Aguilar | 2011, 2012, 2013 |
| Frederik Hernandez-Luciano | 2010, 2011, 2012, 2013 |
| Narciso Hernandez-Zavaleta | 2009, 2011, 2012, 2013 |
| Porfirio Hernandez-Zavaleta | 2009, 2011 |

| | |
|---|---|
| Natanael Herrera-Barreda | 2010, 2011 |
| Javier Lopez-Celis | 2011, 2012 |
| Angel Martinez-Damaso | 2009, 2010 |
| Esau Morales-Toledano | 2011 |
| Crisanto Ortiz-Ortiz | 2009, 2010, 2011, 2012 |
| Shanna Powell | 2013 |
| Samuel Ronquillo-Juarez | 2011, 2012 |
| Shenene Swanepoel | 2013 |
| John Swart | 2012, 2013 |
| Enrique Vasquez-Alejo | 2009, 2011, 2012 |

In each of these years, all of the Plaintiffs except for Plaintiffs Powell and Swanepoel worked assembling, disassembling, repairing, servicing and operating amusement rides for Deggeller. During 2013, Plaintiffs Powell and Swanepoel worked collecting tickets and fees for Deggeller.

20.   The Plaintiffs and the other H-2B workers were required to pay visa application fees and all or a portion of the cost of their transportation from their respective homes to the U.S. consulate and from the consulate to Deggeller's jobsite in the United States.   These fees were paid to Deggeller's recruiting agents, JKJ Workforce Agency and/or Victor Apolinar-Barrios (for Mexican workers) and Nuhorizons Staffing Solutions (for South African workers). Deggeller never reimbursed the Plaintiffs or the other H-2B workers for these expenses, despite the fact that these costs reduced each worker's first workweek earnings below the applicable prevailing wage.   These fees were for the primary benefit of Deggeller and were business expenses of Deggeller, although paid by the Plaintiffs and the other members of the class.

21.   While employed by Deggeller, the Plaintiffs and the other H-2B workers resided in housing facilities furnished by Deggeller.   These accommodations consisted of small rooms in

mobile trailers, often referred to as "bunkhouses." The bunkhouses did not meet applicable standards for temporary labor camps set out at 29 C.F.R. §1910.142. Among other things, the bunkhouses did not provide the occupants with the requisite amount of square footage in floor space, lacked required ventilation and windows, were not equipped with cooking or refrigeration facilities, did not provide storage facilities for the workers' personal belongings.

22. Deggeller deducted $60.00 per week from the wages of the Plaintiffs and each of the other H-2B workers for their quarters in the bunkhouses. These charges exceeded the actual cost to Deggeller of furnishing these facilities to the workers.

23. Despite the "offer" of specified hourly wages in its temporary labor certifications, Deggeller paid the Plaintiffs and the other H-2B workers on a weekly basis at a flat rate, regardless of the hours actually worked. The weekly rate was approximately $400 per week in 2009 and 2010 and $410 per week thereafter. During the vast majority of workweeks, the weekly rate was less than the amount due at the hourly rates offered in the labor certification applications approved by the DOL and accepted by the Plaintiffs and the other class members by coming to work for Deggeller.

24. During the time they worked for Deggeller at the Arkansas State Fair in 2011, 2012 or 2013, Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique Vasquez-Alejo and the other H-2B workers were employed in excess of 70 hours per week. For this work, these Plaintiffs and the other H-2B workers were paid the same flat weekly rate described in Paragraph

23.  Deggeller did not pay these Plaintiffs or the other H-2B workers wages at one-and-a-half times their regular rate for the hours worked in excess of 40 in a workweek while employed at the Arkansas State Fair in 2011, 2012 or 2013.

25.  Deggeller failed to make, keep and maintain payroll records showing the number of compensable hours worked by the Plaintiffs and the other H-2B workers, as required by federal and Arkansas law.

26.  Deggeller did not make, keep and maintain payroll records accurately reporting the wages paid to Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo and the other H-2B workers during 2009 and 2010.  Instead, Deggeller's payroll records listed just over half of the wages paid to these Plaintiffs and the other H-2B workers in 2009 and 2010.  The remaining payments to these workers were paid "off the books" and characterized by Deggeller as per-diem reimbursements, even though these sums were simply a portion of each worker's regular weekly wages.   For work performed by these Plaintiffs and the other H-2B workers in 2009 or 2010, Deggeller paid employment taxes under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act only on those portions of the workers' wages included on the company's payroll records.  Deggeller paid no employment taxes or worker's compensation premiums on the portion of the workers' earnings paid "off the books" and characterized as per-diem reimbursements.

27.  Deggeller's effort to characterize a portion of the 2009 and 2010 earnings of Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez,

Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta,

Natanael Herrera-Barreda,  Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-

Alejo and the other H-2B workers employed in 2009 or 2010 as per-diem reimbursements was

part of a scheme by Deggeller to defraud state and federal taxing authorities and the company's

worker's compensation insurance carrier by lessening Deggeller's tax obligations and the

amount of its worker's compensation insurance premiums.

    28.  The 2009 and 2010 W-2 forms issued to and filed by Deggeller with respect to

Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez,

Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta,

Natanael Herrera-Barreda,  Angel Martinez-Damaso, Crisanto Ortiz-Ortiz, Enrique Vasquez-

Alejo and Juan Manuel Vasquez-Alvarez and the other H-2B workers only included those wages

listed on Deggeller's payroll records.  The 2009 and 2010 W-2 forms did not include the portion

of the workers' wages paid "off the books" and characterized by Deggeller as per-diem

reimbursements.

    29.  Deggeller's actions in fraudulently reporting the wages of the Plaintiffs and the other

H-2B workers employed during those seasons caused these workers injury.  Among other things,

Deggeller's actions underreported the Social Security wages of the Plaintiffs and the other H-2B

workers employed during 2009  or 2010, potentially reducing the Social Security or disability

benefits available to them.  Furthermore, by underreporting the wages of the Plaintiffs and the

other H-2B workers employed in 2009 or 2010, Deggeller left these individuals liable for

substantial tax liability as a result of Deggeller's failure to withhold income taxes from a

substantial portion of the wages of these workers' wages.

-11-

## CLASS ACTION ALLEGATIONS
## COUNT I - H-2B CONTRACT VIOLATIONS

30.   All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.   With respect to Count I, the Plaintiffs seek to represent a subclass consisting of all H-2B temporary foreign workers who were employed pursuant to temporary labor certifications issued to Deggeller for work in 2009, 2010, 2011, 2012 or 2013 ("the H-2B contract subclass").

32.   The members of the H-2B contract subclass are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the H-2B contract subclass is known only to Deggeller but is believed to include over 200 individuals. The H-2B contract subclass is comprised of migrant workers who are citizens of Mexico or South Africa.  Many of the subclass members are not fluent in the English language.  Most subclass members are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the subclass members make the maintenance of separate actions by each subclass member economically infeasible.

33.   There are questions of law and fact common to the H-2B contract subclass.  These common legal and factual questions include whether the "basic rate of pay offered" in Deggeller's labor certification applications is the contractual wage offer that the Plaintiffs and the other members of the H-2B contract subclass accepted by coming to work for Deggeller; whether Deggeller is estopped from denying that the "basic rate of pay offered" in the

-12-

certification applications is the contractual wage offer that the Plaintiffs and the other subclass members accepted by coming to work for Deggeller; whether the "basic rate of pay offered" in Deggeller's labor certification applications is incorporated as a matter of law into the contractual relationship between Deggeller and the Plaintiffs and the other subclass members; whether Deggeller was legally obligated to pay the hourly prevailing wage for all compensable hours worked; whether Deggeller was obligated to reimburse the subclass members for their visa and inbound transportation expenses up to the level of the offered prevailing hourly wage; and whether Deggeller is entitled to a credit against its prevailing wage obligations for the bunkhouse facilities it furnished to the members of the subclass.

34   The Plaintiffs' claims are typical of those of the other subclass members and these typical, common claims predominate over any questions affecting only individual subclass members.  The Plaintiffs have the same interests as do other members of the H-2B contract subclass and will vigorously prosecute these interests on behalf of the subclass.

35.   The Plaintiffs will fairly and adequately represent the interests of the H-2B contract subclass.  The Plaintiffs have the same interests as do the other members of the H-2B contract subclass and will vigorously prosecute these interests on behalf of the subclass.

36.   The Plaintiffs' counsel are experienced in handling actions by temporary guestworkers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts.  The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the H-2B contract subclass members under Rule 23(c)(2).

37.  A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

        a.    The common issues of law and fact, as well as the relatively small size of the individual subclass members' claims, substantially diminish the interest of members of the subclass in individually controlling the prosecution of separate actions;

        b.    Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

        c.    There is no pending litigation against Deggeller by the members of the H-2A contract subclass to determine the legal questions presented in Count I;

        d.    It is desirable that the claims be heard in this forum because many of the acts giving rise to the causes of action set out herein arose in this district; and

        e.    A class action can be managed without undue difficulty because Deggeller regularly committed the violations complained of herein, and has records identifying each member of the H-2B contract subclass.

## CLASS ACTION ALLEGATIONS
## COUNT II - VIOLATIONS OF 26 U.S.C. §7434

38.    All claims set forth in Count II are brought by Representative Plaintiffs Andres

Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik

Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael

Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez, on behalf

of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal

Rules of Civil Procedure.

39.    Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez,

Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta,

Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto

Ortiz-Ortiz and Enrique Vasquez-Alejo seek certification under Rule 23(b)(3) of their claims

under 26 U.S.C. §7434 relating to Deggeller's willful filing of fraudulent information forms with

respect to the H-2B workers' earnings during 2009 and 2010.

40.    With respect to Count II, Representative Plaintiffs Andres Andrade-Quijano,

Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano,

Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda,  Angel

Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo seek to represent a subclass

consisting of all H-2B workers employed by Deggeller at any time during 2009 or 2010 ("the 26

U.S.C. §7434 subclass").

41.    The members of the 26 U.S.C. §7434 subclass members are so numerous and so

geographically dispersed as to make joinder impracticable.  The precise number of individuals in

the 26 U.S.C. §7434 subclass is known only to Deggeller but is believed to include over 150

individuals.  The 26 U.S.C. §7434 subclass is comprised of migrant workers who are citizens of

Mexico or South Africa.  Many of the subclass members are not fluent in the English language.

Most subclass members are unfamiliar with the American judicial system.  The relatively small

size of the individual claims and the indigence of the subclass members make the maintenance of

separate actions by each subclass member economically infeasible.

42.    There are questions of law and fact common to the 26 U.S.C. §7434 subclass.  These

common legal and factual questions include whether Deggeller willfully omitted a portion of the

earnings of the subclass members from its payroll records within the meaning of 26 U.S.C.

§7434 and whether Deggeller's filing of W-2 forms underreporting the wages of the members of

the subclass violated 26 U.S.C. §7434.

43.    The claims of Representative Plaintiffs Andres Andrade-Quijano, Francisco

Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso

Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-

Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo are typical of those of the other

members of the 26 U.S.C. §7434 subclass and these typical, common claims predominate over

any questions affecting only individual subclass members.  The Representative Plaintiffs have

the same interests as do other members of the 26 U.S.C. §7434 subclass and will vigorously

prosecute these interests on behalf of the subclass.

44.    Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez,

Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta,

Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo will fairly and adequately represent the interests of the 26 U.S.C. §7434 subclass. The Representative Plaintiffs have the same interests as do the other members of the subclass and will vigorously prosecute these interests on behalf of the subclass.

45. Counsel for Representative Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo are experienced in handling actions in the federal courts and have previously served as counsel for a class certified under 26 U.S.C. §7434. Counsel for the Representative Plaintiffs are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the 26 U.S.C. §7434 subclass under Rule 23(c)(2).

46. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

      a. The common issues of law and fact, as well as the relatively small size f the individual subclass members' claims, substantially diminish the interest of members of the subclass in individually controlling the prosecution of separate actions;

      b. Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.    There has been no litigation already commenced against Deggeller by the members of the 26 U.S.C. §7434 subclass to determine the questions presented in Count II;

d.    It is desirable that the claims be heard in this forum because many of the acts giving rise to the causes of action set out herein arose in this district; and

e.    A class action can be managed without undue difficulty because during 2009 and 2010, Deggeller regularly committed the violations complained of herein, and  has records identifying each member of the 26 U.S.C. §7434 subclass.

## CLASS ACTION ALLEGATIONS
## COUNT III - VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT

47.    All claims set forth in Count III are brought by Representative Plaintiffs Francisco

Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-

Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda,

Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene

Swanepoel, John Swart and Enrique Vasquez-Alejo on behalf of themselves and all other

similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48.  With respect to Count III, the Representative Plaintiffs seek to represent a subclass

consisting of all H-2B temporary foreign workers who were employed by Deggeller at the

Arkansas State Fair in 2011, 2012 and/or 2013 ("the Arkansas subclass").

49.    The members of the Arkansas subclass members are so numerous and so

geographically dispersed as to make joinder impracticable.  The precise number of individuals in

the Arkansas is known only to Deggeller but is believed to include over 150 individuals.  The

Arkansas subclass is comprised of migrant workers who are citizens of Mexico or South Africa.

Many of the subclass members are not fluent in the English language.  Most subclass members

are unfamiliar with the American judicial system.  The relatively small size of the individual

claims and the indigence of the subclass members make the maintenance of separate actions by

each subclass member economically infeasible.

50.  There are questions of law and fact common to the Arkansas subclass.  These

common legal and factual questions include whether Deggeller was subject to the minimum

wage and overtime provisions of the Arkansas Minimum Wage Act and whether Deggeller paid

the members of the Arkansas subclass in accordance with the Act.

-19-

51.   The claims of Representative Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique Vasquez-Alejo are typical of those of the other members of the Arkansas subclass and these typical, common claims predominate over any questions affecting only individual class members.  These Representative Plaintiffs have the same interest as do other members of the class and will vigorously prosecute these interests on behalf of the class.

52.   Counsel for the Representative Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique Vasquez-Alejo are experienced in handling actions in the federal courts, including actions under state and federal statutes to recover wages due migrant guestworkers.  Counsel for these Representative Plaintiffs are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the Arkansas subclass under Rule 23(c)(2).

53.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

        a.   The common issues of law and fact, as well as the relatively small size of the individual subclass members' claims, substantially diminish the

interest of members of the subclass in individually controlling the prosecution of separate actions;

b.      Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.      There has been no litigation already commenced against Deggeller by the members of the Arkansas subclass in which the questions of Arkansas law here presented are being litigated;

d.      It is desirable that the claims be heard in this forum because the cause of action set out herein arose in this district and this Court is well-positioned to adjudicate questions of Arkansas law; and

e.      A class action can be managed without undue difficulty because during the 2011, 2012 and 2013 Arkansas State Fairs, Deggeller regularly committed the violations complained of herein, and has records identifying each member of the Arkansas subclass.

## COUNT I
### (BREACH OF H-2 B CONTRACT)

54.   This count sets forth a claim for damages by the Plaintiffs and the other members of

the H-2B contract subclass for Deggeller's breach of the regulations governing the H-2B

program and the workers' employment contracts, as embodied in Deggeller's 2009, 2010, 2011,

2012 and 2013 temporary labor certification applications.

55.   By accepting the visas offered by Deggeller and coming to work for Deggeller as

employees, the Plaintiffs and the other members of the H-2B contract subclass entered into a

contractual relationship with Deggeller.

56.   Deggeller's temporary labor certification applications for 2009, 2010, 2011, 2012

and 2013, offered to pay specified hourly wages to all workers performing the jobs described in

those certification applications and, when approved by the DOL, that offer became the wage

term applicable to the contractual employment relationship between the Plaintiffs and the other

members of the H-2B contract subclass and Deggeller.

57.   The Plaintiffs and the other members of the H-2B contract subclass accepted the

wage term as described in Paragraph 56 by traveling to the United States and working for

Deggeller in the jobs authorized by their visas.

58.   Because it knowingly accepted the benefits of the H-2B visas issued pursuant to the

wage offer in its labor certification applications, Deggeller is estopped from denying that the

wage offer in the certification applications is the wage offer applicable to its employment

relationship with the Plaintiffs and the other members of the H-2B contract subclass.

59.   Because the promise to pay at least the prevailing wage is a legal condition of

obtaining H-2B visas, that promise is incorporated as a matter of law into the contractual relationship between Deggeller and its H-2B workers.

60.   Deggeller violated its contractual relationship with the Plaintiffs and the other members of the H-2B contract subclass wages by failing to pay such workers at least the hourly prevailing wages specified in Deggeller's labor certification applications.  Instead, Deggeller paid the Plaintiffs and the other members of the H-2B contract subclass a flat weekly wage of between $400 and $410, regardless of the number of hours worked during the workweek.

61.   Deggeller also breached its employment contract with the Plaintiffs and the other members of the H-2B contract subclass by shifting its business expenses, including these workers' visa and inbound transportation expenses, on to the Plaintiffs and the other members of the H-2B contract subclass, which further reduced their wages below the contractual minimum.

62.   As a result of Deggeller's actions as described in this count, the Plaintiffs and the other members of the H-2B contract subclass have been denied wages due them under their employment contracts for which they are entitled to relief.

## COUNT II
### (WILLFUL FILING OF FRAUDULENT INFORMATION RETURNS)

63.    This count sets forth a claim by Plaintiffs Andres Andrade-Quijano, Francisco

Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso

Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-

Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo and the other members of the 26

U.S.C. §7434 subclass for Deggeller's willful filing of fraudulent information returns in violation

of 26 U.S.C. §7434.

64.    With respect to the employment during 2009 and 2010 of Plaintiffs Andres Andrade-

Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-

Luciano, Narciso Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda,

Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo and the other

members of the 26 U.S.C. §7434 subclass, Deggeller willfully filed W-2 forms containing

fraudulent information regarding these workers' earnings.  The W-2 forms filed by Deggeller for

calendar years 2009 and 2010 listed only about half of the worker's actual earnings, and

excluded that portion of the workers' earnings that were paid "off the books" and characterized

by Deggeller as per-diem reimbursements.  By filing the fraudulent W-2 forms, Deggeller

substantially reduced its obligation for payment of taxes pursuant to the Federal Insurance

Contributions Act and the Federal Unemployment Tax Act.

65.    Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres

Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandezs-Zavaleta, Porfirio

Hernandez-Zavaleta, Natanael Herrera-Damaso, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz

and Enrique Vasquez-Alejo and the other members of the 26 U.S.C. §7434 subclass suffered

injury as a result of the above-described  acts of Deggeller for which they are entitled to relief pursuant to 26 U.S.C. §7434.   Among other things, the Social Security earnings records of these individuals were not properly credited with their wages for work with Deggeller in 2009 or 2010. In addition, because of Deggeller's failure to list the full wages of these individuals on the W-2 forms and to make corresponding income tax withholdings, the Representative Plaintiffs and the other members of the 26 U.S.C. §7434 subclass are subject to substantial income tax liability.

## COUNT III
## (ARKANSAS MINIMUM WAGE ACT)

66.   This count sets forth a claim by Plaintiffs Francisco Bernardo-Gonzalez, Andres
Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-
Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto
Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and
Enrique Vasquez-Alejo and the other members of the Arkansas subclass for Deggeller's failure
to pay minimum wage and overtime wages as required by the Arkansas Minimum Wage Act for
work performed during 2011, 2012 and/or 2013 at the Arkansas State Fair.

67.   Deggeller failed to pay Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-
Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano,
Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-
Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique
Vasquez-Alejo and the other members of the Arkansas subclass at least $6.25 for every
compensable hour each of them was employed at the Arkansas State Fair during 2011, 2012 and
2013, in violation of Arkansas Code Annotated §11-4-210.

68.   Deggeller failed to pay Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-
Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano,
Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-
Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique
Vasquez-Alejo and the other members of the Arkansas subclass overtime wages as required by
Arkansas Code Annotated §11-4-211(a) for their work at the 2011, 2012 and 2013 Arkansas

State Fairs, despite the fact that these workers routinely worked in excess of 40 hours per week.

69.   As a result of the violations of the Arkansas Minimum Wage Act as set out in this count, Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel, John Swart and Enrique Vasquez-Alejo and the other members of the Arkansas subclass are entitled to recover the amount their unpaid minimum and overtime wages plus an equal amount as liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE the Plaintiffs pray this Court to issue an order:

a.. Allowing the claims set out in Count I to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers who were employed pursuant to temporary labor certifications issued to Deggeller Attractions, Inc. for work in 2009, 2010, 2011, 2012 or 2013 ("the H-2B contact subclass");

b.      Allowing the claims set out in Count II to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers employed by Deggeller Attractions, Inc. at any time during 2009 or 2010 ("the 26 U.S.C. §7434 subclass");

c.     Allowing the claims set out in Count III to proceed on a class wide basis and certifying with regard to those claims a subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all H-2B temporary foreign workers who were employed by Deggeller Attractions, Inc. at the Arkansas State Fair in 2011, 2012 and/or 2013 ("the Arkansas subclass");

d.     Granting judgment in favor of the Plaintiffs and the other members of the H-2B contract subclass on their contract claims set forth in Count I and awarding each of them his or her actual and compensatory damages;

e.     Granting judgment in favor of Plaintiffs Andres Andrade-Quijano, Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Frederik Hernandez-Luciano, Narciso Hernandezs-Zavaleta, Porfirio Hernandez-Zavaleta, Natanael Herrera-Barreda, Angel Martinez-Damaso, Crisanto Ortiz-Ortiz and Enrique Vasquez-Alejo and the other members of the 26

U.S.C. §7434 subclass on their claims relating to Deggeller Attraction, Inc.'s willful filing of fraudulent information forms in 2009 and 2010 as set out in Count II, and awarding each of them $5,000 in statutory damages in accordance with 26 U.S.C. §7434(b);

 f.  Granting judgment in favor of Plaintiffs Francisco Bernardo-Gonzalez, Andres Contreras-Hernandez, Jesus Cuellar-Aguilar, Jose Daniel Cuellar-Aguilar, Frederik Hernandez-Luciano, Narciso Hernandez-Zavaleta, Natanael Herrera-Barreda, Javier Lopez-Celis, Crisanto Ortiz-Ortiz, Shanna Powell, Samuel Ronquillo-Juarez, Shenene Swanepoel and Enrique Vasquez-Alejo and the other members of the Arkansas subclass and awarding each of them the amount of unpaid minimum and overtime wages as well as liquidated damages for their work at the Arkansas State Fair during 2011, 2012 and/or 2013;

 g.  Awarding the Plaintiffs the costs of this action;

 h.  Awarding the Plaintiffs a reasonable attorney's fee; and

 i.  Granting such further relief as this Court deems just and equitable.

     Respectfully submitted,


     */s/ Annie B. Smith*
     Annie B. Smith
     Arkansas Bar Number 2013005
     University of Arkansas School of Law
     1045 W. Maple Street
     Waterman Hall – Room 107
     Fayetteville, Arkansas 72701
     Telephone: (479) 575-3056
     Facsimile: (479) 575-2815
     e-mail: abs006@uark.edu


     */s/ Victoria Mesa*
     Victoria Mesa
     Florida Bar Number 076569

e-mail: Victoria@Floridalegal.Org

*/s/ Vanessa Coe*
Vanessa Coe
Florida Bar Number 096788
e-mail: Vanessa@Floridalegal.Org

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
e-mail: Greg@Floridalegal.Org


**FLORIDA LEGAL SERVICES, INC.**
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:     (561) 582-3921
Facsimile:      (561) 582-4884


*Attorneys for Plaintiffs*

# EXHIBIT I

## DEGGELLER ATTRACTIONS, INC.

### Temporary Labor Certification Applications (Form ETA 9142)

**2010 – 2012**

**2010**

OMB Approval: 1205-0466
Expiration Date 11/30/2011

Application for Temporary Employment Certification RECEIVED
ETA Form 9142
U.S. Department of Labor

JAN 25 2010



*Please read and review the filing instructions carefully before completing the ETA Form 9142. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obvious inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol):* * | H-2B |
|---|---|

### B. Temporary Need Information

| 1. Job Title * | Amusement Park Worker | | |
|---|---|---|---|
| 2. SOC (ONET/OES) code *<br>39-3091 | 3. SOC (ONET/OES) occupation title *<br>Amusement and Recreation Attendant | | |
| 4. Is this a full-time position? *<br>☒ Yes   ☐ No | **Period of Intended Employment** | | |
| | 5. Begin Date *<br>*(mm/dd/yyyy)*   04/01/2010 | 6. End Date *<br>*(mm/dd/yyyy)*   11/23/2010 | |

7. Worker positions needed/basis for the visa classification supported by this application

| 25 Z1 | Total Worker Positions Being Requested for Certification * | | |
|---|---|---|---|

Basis for the visa classification supported by this application
*(indicate the total workers identified in each applicable category based on the total workers identified above)*

| 25 Z1 | a. New employment * | | d. New concurrent employment * |
|---|---|---|---|
| | b. Continuation of previously approved employment *<br>without change with the same employer | | e. Change in employer * |
| | c. Change in previously approved employment * | | f. Amended petition * |

8. Nature of Temporary Need: (Choose only one of the standards) *

☒ Seasonal   ☐ Peakload   ☐ One-Time Occurrence   ☐ Intermittent or Other Temporary Need

9. Statement of Temporary Need *

Deggeller Attractions, Inc. has a temporary need for amusement attendants because our business is seasonal.

Our carnival season begins January 15, 2010, and ends November 14, 2010. The work offered is seasonal and for this period of time only. Since it is standard industry practice to sign multi-year contracts, we work at the same sites every year. The dates change only slightly to reflect that we begin on a certain day of the week rather than a specific date. Because our early events are infrequent, physically small, and have lower attendance, we do not utilize all of our equipment. Therefore, we believe we will have sufficient staff to meet the needs of our contracts prior to the large fairs. I request that the H-2B certification begin on April 1 because the Clay County and Miami-Dade
(continued on attached page)

SB.-2-40-10



*Attractions Inc.*
Post Office Box 238
Stuart, Florida  34995
(407) 286-1950

### ETA Form 9142
### Section B.9. Statement of Temporary Need

(continued from ETA Form 9142)

County Fairs are the big events that mark the start of our busy months of April through November.  I would like the workers to remain until November 23, 2010, to help clean and move the equipment to winter quarters.  At the end of the carnival season, I have no work and no payroll for these amusement workers.

Our payroll records substantiate our seasonal need by showing that I have no wages for ride, game, and concession attendants in December, January, and February.  The events in January and February are staffed by management and family members.  Our ride operators, game attendants, and food servers begin employment in March, as indicated on our payroll report.

Copies of our executed contracts are available on request.

*America's Spectacular Midway*

OMB Approval: 1205-0466
Expiration Date: 11/30/201?

Everything blackened
has been redacted
under exemption #6

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



## C. Employer Information

**Important Note:** Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, **by name, mailing address, and total worker positions needed,** under the application.

| 1. Legal business name * |
| --- |
| Deggeller Attractions, Inc. |

| 2. Trade name/Doing Business As (DBA), if applicable |
| --- |
| |

| 3. Address 1 * |
| --- |
| PO Box 238 |

| 4. Address 2 |
| --- |
| |

| 5. City * | 6. State * | 7. Postal code * |
| --- | --- | --- |
| Stuart | FL | 34995 |

| 8. Country * | 9. Province |
| --- | --- |
| USA | N/A |

| 10. Telephone number * | 11. Extension |
| --- | --- |
| 772-286-1950 | N/A |

| 12. Federal Employer Identification Number (FEIN from IRS) * | 13. NAICS code (must be at least 4-digits) * |
| --- | --- |
| [redacted] | 713990 |

14. Type of employer application (choose only one box below) *

- ☒ Individual Employer
- ☐ H-2A Labor Contractor or Job Contractor
- ☐ Association – Sole Employer  (H-2A only)
- ☐ Association – Joint Employer  (H-2A only)
- ☐ Association – Filing as Agent  (H-2A only)

## D. Employer Point of Contact Information

**Important Note:** The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section **must be different** from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter **only** the contact information for the main or primary employer (e.g., contact for an association acting as joint employer) under the application.

| 1. Contact's last (family) name * | 2. First (given) name * | 3. Middle name |
| --- | --- | --- |
| Deggeller | Catherine | |

| 4. Contact's job title * |
| --- |
| Corporate Secretary |

| 5. Address 1 * |
| --- |
| PO Box 238     Physical Address: 3350 Southwest Deggeller Ct. |

| 6. Address 2 |
| --- |
| Palm City, FL 34990 |

| 7. City * | 8. State * | 9. Postal code * |
| --- | --- | --- |
| Stuart | FL | 34995 |

| 10. Country * | 11. Province |
| --- | --- |
| USA | N/A |

| 12. Telephone number * | 13. Extension | 14. E-Mail address |
| --- | --- | --- |
| 772-215-2225 | N/A | ddeggeller@gmail.com |

*CORRECTION APPROVED*
*NATIONAL PROCESSING CENTER*
*WORK ON 2/1/10   DATE*
*CD initials*
*2/1/2010 date*

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Everything blackened
has been redacted
under exemption #6

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



## E. Attorney or Agent Information (If applicable)

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | | | ☒ Yes | ☐ No |
|---|---|---|---|---|

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | | 4. Middle name(s) § |
|---|---|---|---|
| Pierce | Robert | | Wayne |

| 5. Address 1 § |
|---|
| 133 Defense Highway, Suite 106 |

| 6. Address 2 |
|---|
| |

| 7. City § | 8. State § | 9. Postal code § |
|---|---|---|
| Annapolis | MD | 21401 |

| 10. Country § | 11. Province |
|---|---|
| USA | N/A |

| 12. Telephone number § | 13. Extension | 14. E-Mail address |
|---|---|---|
| 410-573-9955 | N/A | wpierce@adventurelaw.com |

| 15. Law firm/Business name § | 16. Law firm/Business FEIN § |
|---|---|
| The Pierce Law Firm, LLC | |

| 17. State Bar number (only if attorney) § | 18. State of highest court where attorney is in good standing (only if attorney) § |
|---|---|
| Maryland does not issue state bar numbers. | Maryland |

| 19. Name of the highest court where attorney is in good standing (only if attorney) § |
|---|
| Court of Appeals |

## F. Job Offer Information
### a. Job Description

| 1. Job Title * |
|---|
| Amusement Park Worker |

| 2. Number of hours of work per week | | 3. Hourly Work Schedule * |
|---|---|---|
| Basic *:  40      Overtime:  N/A | | A.M. (h:mm):  3 : 00 PM  P.M. (h:mm):  11 : 00 PM  ** |

| 4. Does this position supervise the work of other employees? * | 4a. If yes, number of employees worker will supervise (if applicable) §  N/A |
|---|---|
| ☐ Yes  ☒ No | |

5. Job duties – A description of the duties to be performed MUST begin in this space.  If necessary, add attachment to continue and complete description. *

Erect, tear down, operate & maintain rides; collect tickets/fees; assist patrons; fasten safety devices; operate games; serve food.  Hours and schedule vary.  Work in all weather conditions.  Must be able to lift and be physically mobile.  Travel required and paid by employer to all locations listed on attached itinerary (Section F. c. 7a. place of employment information).

** Our typical hours on the days of events are from 3 pm to 11 pm.  However, this can vary because of the contracts that we have with our event sponsors and the weather.  Sometimes the event opens around noon and ends around 10 or 11 p.m. This commonly happens at larger events such as county fairs and/or on Saturdays or Sundays.

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

### Application for Temporary Employment Certification
### ETA Form 9142
### U.S. Department of Labor



**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

1. Education: minimum U.S. diploma/degree required *

☒ None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate (PhD) ☐ Other degree (JD, MD, etc.)

| 1a. If "Other degree" in question 1, specify the diploma/ degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
|---|---|
| N/A | N/A |

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes ☒ No |
|---|---|
| 2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required § | |
| N/A | |

| 3. Is training for the job opportunity required? * | ☐ Yes ☒ No |
|---|---|

| 3a. If "Yes" in question 3, specify the number of months of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
|---|---|
| N/A | N/A |

| 4. Is employment experience required? * | ☐ Yes ☒ No |
|---|---|

| 4a. If "Yes" in question 4, specify the number of months of experience required § | 4b. Indicate the occupation required § |
|---|---|
| N/A | N/A |

5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. *

Must pass drug test and background check paid for by employer.

**c. Place of Employment Information**

| 1. Worksite address 1 * | Miami-Dade County Fair and Exposition |
|---|---|
| 2. Address 2 | 10901 Coral Way (SW 24th Street) |

| 3. City * | Miami | 4. County * | Miami-Dade |
|---|---|---|---|

| 5. State/District/Territory * | FL | 6. Postal code * | 33165 |
|---|---|---|---|

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ☒ Yes ☐ No |
|---|---|

7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to continue and complete a listing of all anticipated worksites. §

Due to the complexity of the information, please see the attached itinerary in employer letter.

ETA Form 9142

**FOR DEPARTMENT OF LABOR USE ONLY**

Page 4 of 6

Case Number: I-002-7-49085   Case Status: Certified   Validity Period: 4/1/10 to 11/23/10



Post Office Box 238
Stuart, Florida 34995
(407) 286-1950

### Deggeller Attractions, Inc.
### 2010 Itinerary
### ETA Form 9142 F. c. 7a. Place of Employment Information

| Date | Event | City | State | County | Wage |
|---|---|---|---|---|---|
| Apr 1 - 11 | Dade County Fair | Miami | FL | Miami-Dade | $7.64 |
| Apr 1 - 11 | Clay County Fair | Green Cove Springs | FL | Clay | $7.33 |
| Apr 16 – 18 | Catholic Church | Jacksonville | FL | Duval | $7.33 |
| Apr 22 – 25 | Community Fair | Dunn | NC | Harnett | $7.25 |
| Apr 24 | Fort Bragg Children's Festival | Fort Bragg | NC | Cumberland | $7.25 |
| Apr 30 – May 16 | Fort Bragg Spring Fair | Fort Bragg | NC | Cumberland | $7.25 |
| May 21 - 23 | Pungo Strawberry Festival | Pungo | VA | Independent City South of VA Beach | $7.25 |
| Jun 4 – 6 | Holy Family Church | Virginia Beach | VA | Independent City | $7.25 |
| May 29 - Jun 27 | Mount Trashmore Festival | Virginia Beach | VA | Independent City | $7.25 |
| Jul 1 - 11 | Salem Fair | Salem | VA | Independent City | $7.25 |
| Jul 15 – 19 | Rockbridge Regional Fair | Lexington | VA | Rockbridge | $7.25 |
| Jul 16 – 19 | Artscape | Baltimore | MD | Baltimore | $7.25 |
| Jul 23 - Aug 1 | Fredericksburg Agricultural Fair | Fredericksburg | VA | Independent City | $7.25 |
| Aug 6 - 15 | Prince William County Fair | Manassas | VA | Independent City | $7.25 |

*America's Spectacular Midway*



Post Office Box 238
Stuart, Florida 34995
(407) 286-1950

| Aug 7 - 15 | Howard County Fair | West Friendship | MD | Howard | $7.25 |
|---|---|---|---|---|---|
| Aug 26 - Sep 6 | Maryland State Fair | Timonium | MD | Baltimore | $7.25 |
| Sep 10 - 20 | Central Carolina Fair | Greensboro | NC | Guilford | $7.25 |
| Sep 23 - Oct 3 | State Fair of Virginia | Richmond | VA | Independent City | $7.25 |
| Oct 8 - 18 | Arkansas State Fair | Little Rock | AR | Pulaski | $7.25 |
| Oct 14 - 17 | Church of Our Savior | Cocoa Beach | FL | Brevard | $7.31 |
| Oct 20 - 24 | St. Teresa's Church | Titusville | FL | Brevard | $7.31 |
| Nov 4 - 14 | Volusia County Fair | Deland | FL | Volusia | $7.36 |

*Catherine B. Deggeller*
Catherine B. Deggeller
Corporate Secretary
December 16, 2009

*America's Spectacular Midway*

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

**Application for Temporary Employment Certification**
**ETA Form 9142**
**U.S. Department of Labor**



### G.  Rate of Pay

| | |
|---|---|
| 1.  Basic Rate of Pay Offered * | 1a.  Overtime Rate of Pay *(if applicable)* § |
| From: $ ___7___ . _25_   To (Optional): $ ___7___ . _64_ ** | From: $ __N/A__ . ____   To (Optional): $ __N/A__ . ____ |

2.  Per:  (Choose only one) *

☒ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☐ Year  ☐ Piece Rate

2a.  If Piece Rate is indicated in question 2, specify the wage offer requirements: §

3.  Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures).  If necessary, add attachment to continue and complete description. §

** Prevailing wage may vary from one area of intended employment to the next and as specified in DoL FAQ's for H-2B Certifications in the Entertainment Industry.

4.  For H-2A applications where the rate of pay is based upon multiple crop or agricultural activities, please confirm that Appendix A.1 is complete and being submitted with the filing of this application. §     ☐ Yes  ☐ No  ☒ N/A

### H.  Recruitment Information

| | | |
|---|---|---|
| 1.  Name of State Workforce Agency (SWA) serving the area of intended employment *  State of Florida Agency for Workforce Innovation | | |
| 2.  SWA job order identification number *  9451626 | 2a.  Start date of SWA job order *  12/31/2009 | 2b.  End date of SWA job order *  01/10/2009 |
| 3.  Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? * | | ☒ Yes  ☐ No |

| | Name of Newspaper/Publication *(in area of intended employment)* * | Dates of Print Advertisement * |
|---|---|---|
| 4. | The Miami Herald | From: 01/03/2010   To: |
| 5. | | From: 01/04/2010   To: |

6.  Additional Recruitment Activities.  Use the space below to identify the type(s) or source(s) of recruitment, geographic location(s) of recruitment, and the date(s) on which recruitment was conducted.  If necessary, add attachment to continue and complete description. *

Maintaining a reliable workforce for our company is a constant challenge.  Last year we advertised in The Palm Beach Post September 17-19, 2008, for our 2009 season.  The ad was also placed on an internet job search site called Yahoo Jobs and in the Florida job bank.  In the last 2 years, these advertisements and postings have yielded just one call each year.  One applicant did not want a full-time job and the other abruptly hung up on me during our conversation and would not return the call to complete the interview.  We also place newspaper ads at some of our larger fair locations such as Timonium, Maryland.  We use The Baltimore Sun for that location and have hired a couple of workers who were willing to work that one spot only.  This year we advertised in the Florida Times-Union and The Stuart News in February and hired one person.

We have some employees who work with us each year.  Although we invite these workers back for
(continued on attached page)

ETA Form 9142
FOR DEPARTMENT OF LABOR USE ONLY
Page 5 of 6

Case Number: _I0027 I49085_   Case Status: _Certified_   Validity Period _4/1/10_ to _11/23/10_



Post Office Box 238
Stuart, Florida 34995
(407) 286-1950

### ETA Form 9142
### Section H.6. Additional Recruitment Activities

(continued from ETA Form 9142)

the next season, we never know who will return until the start of the season. Because we do not have a sufficient number of amusement attendants who work with us all season, we also rely on local workers (walk-ups) who ask for work at some of our locations. We perform a background check and drug testing on all new workers for safety reasons and in order to meet our contractual requirements. Many of the walk-ups do not pass the screening and therefore we are unable to hire them. We can never reliably predict who will show up from one day to the next and from one event to the next. When we cannot obtain sufficient walk-up help, we try to hire workers from temporary employment agencies. Some agencies will not send us workers because their worker's compensation insurance does not cover carnival workers. Also, we plan to provide our job application on the home page of our web site, www.deggeller.com.

We seek certification for fewer employees with an April 1 start date than we were certified for last year. This is because of the economy and our desire to continue to recruit U.S. workers to reach our full staffing level.

A stable workforce throughout our season greatly benefits our company and provides a safe and fun carnival experience for our patrons. We will continue to recruit and interview all interested applicants to reach our staffing needs of approximately 75 ride operators, game attendants, and food servers. We will attempt to hire U.S. workers by placing advertisements and job postings prior to recruiting foreign workers in compliance with the H-2B labor program. The results of that effort will be attached as a final recruiting report.

*America's Spectacular Midway*

OMB Approval: 1205-0466
Expiration Date:  11/30/2011

## Application for Temporary Employment Certification
### ETA Form 9142
### U.S. Department of Labor



## I. Declaration of Employer and Attorney/Agent

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A.2 or Appendix B.1 will be considered incomplete and not accepted for processing by the ETA application processing center.

| | |
|---|---|
| 1. For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix A.2**. § | ☐ Yes   ☐ No   ☒ N/A |
| 2. For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix B.1**. § | ☒ Yes   ☐ No   ☐ N/A |

## J. Preparer

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1.  Last (family) name § | 2.  First (given) name § | 3.  Middle initial § |
|---|---|---|
| (Same as Section E) | | |
| **4.  Job Title** § | | |
| **5.  Firm/Business name** § | | |
| **6.  E-Mail address** § | | |

## K.  U.S. Government Agency Use (ONLY)

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.  By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from _____4-1-10_____ to _____11-23-10_____.

_____
Department of Labor, Office of Foreign Labor Certification

_____2-10-10_____
Determination Date (date signed)

_____C-10027-49005_____
Case number

_____Certified_____
Case Status

## L.  OMB Paperwork Reduction Act *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Respondent's reply to these reporting requirements is mandatory to obtain the benefits of temporary employment certification (Immigration and Nationality Act, Section 101 (a)(15)(H)(ii)).  Public reporting burden for this collection of information is estimated to average 2 hours 10 minutes per response for H-2A and 2 hours 45 minutes for H-2B, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.  Do NOT send the completed application to this address.

| | | |
|---|---|---|
| ETA Form 9142 | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 6 of 6 |
| Case Number: 10027-49085 | Case Status: Certified | Validity Period: 4/1/10 to 11/23/10 |

OMB Control Number: 1205-0466
Expiration Date: 11/30/2011

### Application for Temporary Employment Certification
### ETA Form 9142 – APPENDIX B.1
### U.S. Department of Labor



**For Use in Filing Applications Under the H-2B Non-Agricultural Program ONLY**

### A. Attorney or Agent Declaration

*I hereby certify that I am an employee of, or hired by, the employer listed in Section C of the ETA Form 9142, and that I have been designated by that employer to act on its behalf in connection with this application. I also certify that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001)*

| 1. Attorney or Agent's last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Pierce | Robert | Wayne |

| 4. Firm/Business name |
|---|
| The Pierce Law Firm, LLC |

| 5. E-Mail address |
|---|
| wpierce@adventurelaw.com |

| 6. Signature | 7. Date signed |
|---|---|
| R Wayne Pierce | 01/22/2010 |

### B. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The job opportunity is a bona fide, full-time temporary position, the qualifications for which are consistent with the normal and accepted qualifications required by non-H-2B employers in the same or comparable occupations.

2. The job opportunity is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute involving a work stoppage.

3. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought. Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections.

4. The offered terms and working conditions of the job opportunity are normal to workers similarly employed in the area(s) of intended employment and are not less favorable than those offered to the foreign worker(s) and are not less than the minimum terms and conditions required by Federal regulation at 20 CFR 655, Subpart A.

5. The offered wage equals or exceeds the highest of the prevailing wage, the applicable Federal, State, or local minimum wage, and the employer will pay the offered wage during the entire period of the approved labor certification.

6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage, or the legal Federal or State minimum wage, whichever is highest.

7. During the period of employment that is the subject of the labor certification application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including employment-related health and safety laws;

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the Application for Temporary Employment Certification in the area of intended employment within the period beginning 120 days before the date of need, except where the employer also attests that it offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) either refused the job opportunity or was rejected for the job opportunity for lawful, job-related reasons.

---

ETA Form 9142 – Appendix B.1      **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.1 of B.2

Case Number: 10027-49085   Case Status: Certified   Period of Employment  4/1/10  to  11/23/10

OMB Control Number: 1205-0466
Expiration Date: 11/30/2011

## Application for Temporary Employment Certification
### ETA Form 9142 – APPENDIX B.1
### U.S. Department of Labor



9.  The employer and its agents and/or attorneys have not sought or received payment of any kind from the employee for any activity related to obtaining labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs. For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10. Unless the H-2B worker is being sponsored by another subsequent employer, the employer will inform H-2B workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under § 655.35, and that if dismissed by the employer prior to the end of the period, the employer is liable for return transportation.

11. Upon the separation from employment of any foreign worker(s) employed under the labor certification application, if such separation occurs prior to the end date of the employment specified in the application, the employer will notify the Department and DHS in writing or any other method specified of the separation from employment not later than forty-eight (48) hours after such separation is discovered by the employer.

12. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment listed on the Application for Temporary Employment Certification unless the employer has obtained a new temporary labor certification from the Department.

13. The dates of temporary need, reason(s) for temporary need, and number of worker positions being requested for certification have been truly and accurately stated on the application.

14. If the application is being filed as a job contractor, the employer will not place any H-2B workers employed pursuant to the labor certification application with any other employer or at another employer's worksite unless:

    (i)   The employer applicant first makes a bona fide inquiry as to whether the other employer has displaced or intends to displace a similarly employed U.S. worker within the area of intended employment within the period beginning 120 days before and throughout the entire placement of the H-2B worker, the other employer provides written confirmation that it has not so displaced and does not intend to displace such U.S. workers; and

    (ii)  All worksites are listed on the certified Application for Temporary Employment Certification

I hereby designate the agent or attorney identified in section D (if any) of the ETA Form 9142 to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, I take full responsibility for the accuracy of any representations made by my agent or attorney.

I declare under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Deggeller | Catherine | B. |

| 4. Title |
|---|
| Corporate Secretary |

| 5. Signature | 6. Date signed |
|---|---|
| *Catherine Deggeller* | 01/20/2010 |

**2011**

OMB Approval 1205-0466
Expiration Date 11/30/2081

Application for Temporary Employment Certification 
ETA Form 9142
U.S. Department of Labor    APR 13 2011



*Please read and review the filing instructions carefully before completing the ETA Form 9142. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol):* * | H-2B |
|---|---|

### B. Temporary Need Information

| 1. Job Title * | Amusement Worker |
|---|---|

| 2. SOC (ONET/OES) code * | 3. SOC (ONET/OES) occupation title * |
|---|---|
| 39-3091 | Amusement and Recreation Attendant |

| 4. Is this a full-time position? * | Period of Intended Employment | |
|---|---|---|
| ☒ Yes  ☐ No | 5. Begin Date *  *(mm/dd/yyyy)*  06/26/2011 | 6. End Date *  *(mm/dd/yyyy)*  11/23/2011 |

7. Worker positions needed/basis for the visa classification supported by this application

| 40 | Total Worker Positions Being Requested for Certification * |
|---|---|

Basis for the visa classification supported by this application
*(indicate the total workers in each applicable category based on the total workers identified above)*

| 40 | a. New employment * | | d. New concurrent employment * |
|---|---|---|---|
| | b. Continuation of previously approved employment * without change with the same employer | | e. Change in employer * |
| | c. Change in previously approved employment * | | f. Amended petition * |

8. Nature of Temporary Need: (Choose only one of the standards) *
☐ Seasonal    ☒ Peakload    ☐ One-Time Occurrence    ☐ Intermittent or Other Temporary Need

9. Statement of Temporary Need *

This petition complements our prior submission, ETA Case No. C-10356-52620, and is based upon our temporary need for peakload amusement attendants because our seasonal business has significantly more events and utilizes more equipment between late June and the end of our season in November. We also experience high turnover near the end of our season. We think that is because the workers are tired and want to get back to their families.

Deggeller Attractions regularly employs full-time amusement workers at the events on our attached itinerary. We need to supplement this full-time staff on a temporary basis due to a short-term demand and these temporary additions to staff will not become a part of our regular operation.

Our carnival season begins in mid-January and ends in mid-November each year. The work offered is seasonal and for this period of time only. Since it is standard industry    (continued on Attachment 1)

---

Everything blackened
has been redacted
under exemption #6

OMB Approval 1205-0466
Expiration Date  11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



## C.  Employer Information

<u>Important Note</u>: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, <u>by name, mailing address, and total worker positions needed</u>, under the application.

| 1.  Legal business name *  |  |  |
|---|---|---|
| Deggeller Attractions, Inc. | | |
| 2.  Trade name/Doing Business As (DBA), if applicable | | |
| | | |
| 3.  Address 1 *     mailing:  PO Box 238 | | |
| 4.  Address 2     physical:  3350 SW Deggeller Ct, Palm City, FL 34990 | | |
| 5.  City *    Stuart | 6.  State *   FL | 7.  Postal code *   34995 |
| 8.  Country *    USA | 9.  Province   N/A | |
| 10.  Telephone number *   772-286-2011 | 11.  Extension   N/A | |
| 12.  Federal Employer Identification Number (FEIN from IRS) * | 13.  NAICS code (must be at least 4-digits) *   713990 | |

| 14   Type of employer application (choose only one box below) * |  |
|---|---|
| ☒ Individual Employer | ☐ Association – Sole Employer  (H-2A only) |
| ☐ H-2A Labor Contractor or    Job Contractor | ☐ Association – Joint Employer  (H-2A only) |
| | ☐ Association – Filing as Agent  (H-2A only) |

## D.  Employer Point of Contact Information

<u>Important Note</u>: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters.  The information in this Section <u>must</u> be <u>different</u> from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer.  For joint employer or master applications filed on behalf of more than one employer under the H2A program, enter <u>only</u> the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| 1.  Contact's last (family) name *   Deggeller | 2.  First (given) name *   Catherine | 3.  Middle name(s) *   B. |
|---|---|---|
| 4.  Contact's job title *     Corporate Secretary | | |
| 5.  Address 1 *    mailing:  PO Box 238 | | |
| 6.  Address 2     physical:  3350 SW Deggeller Ct, Palm City, FL 34990 | | |
| 7   City *    Stuart | 8.  State *   FL | 9.  Postal code *   34995 |
| 10  Country *    USA | 11.  Province   N/A | |
| 12.  Telephone number *   772-215-2225 | 13.  Extension   N/A | 14.  E-Mail address   ddeggeller@gmail.com |

ETA Form 9142                      FOR DEPARTMENT OF LABOR USE ONLY                      Page 2 of 6

Case Number: C-11103-54715     Case Status: Certified     Validity Period: 6-26-11 to 11-23-11

Everything blackened
has been redacted
under exemption #6

OMB Approval 1205-0466
Expiration Date  11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



**E. Attorney or Agent Information (If applicable)**

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | | ☒ Yes   ☐ No |
|---|---|---|

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | 4. Middle name(s) § |
|---|---|---|
| Pierce | Robert | Wayne |

| 5. Address 1 § |
|---|
| 133 Defense Highway, Suite 106 |

| 6. Address 2 |
|---|
| |

| 7. City § | 8. State § | 9. Postal code § |
|---|---|---|
| Annapolis | MD | 21401 |

| 10. Country § | 11. Province |
|---|---|
| USA | N/A |

| 12. Telephone number § | 13. Extension | 14. E-Mail address |
|---|---|---|
| 410-573-9955 | N/A | obowp@adventurelaw.com |

| 15. Law firm/Business name § | 16. Law firm/Business FEIN § |
|---|---|
| The Pierce Law Firm, LLC | |

| 17. State Bar number (only if attorney) § | 18. State of highest court where attorney is in good standing (only if attorney) § |
|---|---|
| Maryland does not issue state bar numbers. | Maryland |

| 19. Name of the highest court where attorney is in good standing (only if attorney) § |
|---|
| Court of Appeals |

**F. Job Offer Information**

**a. Job Description**

| 1. Job Title * |
|---|
| Amusement Worker |

| 2. Number of hours of work per week | 3. Hourly Work Schedule * |
|---|---|
| Basic *: 30-40    Overtime: N/A | A.M. (h:mm): __3__:00 PM P.M. (h:mm): ‾11‾:00 PM ** |

| 4. Does this position supervise the work of other employees? * | 4a. If yes, number of employees worker will supervise (if applicable) § N/A |
|---|---|
| ☐ Yes  ☒ No | |

5. Job duties – A description of the duties to be performed MUST begin in this space.  If necessary, add attachment to continue and complete description. *

Erect, tear down, operate & maintain rides; collect tickets/fees; assist patrons; fasten safety devices; operate games; serve food.  Hours and schedule vary.  Work in all weather conditions.  Must be able to lift and be physically mobile.  Travel required and paid by employer to all locations listed on attached itinerary (Section F. c. 7a. place of employment information).

** Our typical hours on the days of events are from 3 pm to 11 pm.  However, this can vary because of the contracts that we have with our event sponsors and the weather.  Sometimes the event opens around noon and ends around 10 or 11 p.m. This commonly happens at larger events such as county fairs and/or on Fridays, Saturdays, or Sundays.

ETA Form 9142                          FOR DEPARTMENT OF LABOR USE ONLY                          Page 3 of 6

Case Number: C-11103-54715         Case Status: Certified     Validity Period: 6-26-11  to  11-23-11

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

| 1. Education: minimum U.S. diploma/degree required * |
|---|
| ☒ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's  ☐ Doctorate (PhD)  ☐ Other degree (JD, MD, etc.) |

| 1a. If "Other degree" in question 1, specify the diploma/ degree required § <br><br> N/A | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) <br><br> N/A |
|---|---|

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes  ☒ No |
|---|---|

| 2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required § <br><br> N/A |
|---|

| 3. Is training for the job opportunity required? * | ☐ Yes  ☒ No |
|---|---|

| 3a. If "Yes" in question 3, specify the number of months of training required § <br><br> N/A | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) <br><br> N/A |
|---|---|

| 4. Is employment experience required? * | ☐ Yes  ☒ No |
|---|---|

| 4a. If "Yes" in question 4, specify the number of months of experience required § <br><br> N/A | 4b. Indicate the occupation required § <br><br> N/A |
|---|---|

| 5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. * |
|---|
| Must pass drug test and background check paid for by employer.  This requirement is justified for all the same reasons detailed in our prior foreign labor certification application for seasonal workers on ETA Case No. C-10356-52620.  That Case was approved for this special requirement. |

**c. Place of Employment Information**

| 1. Works te address 1 * <br><br> Salem Fair |
|---|

| 2. Address 2   1001 Roanoke Blvd |
|---|

| 3. City * <br><br> Salem | 4. County * <br><br> Roanoke |
|---|---|

| 5. State/District/Territory * <br><br> VA | 6. Postal code * <br><br> 24015 |
|---|---|

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ☒ Yes  ☐ No |
|---|---|

| 7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible.  If necessary, submit an attachment to continue and complete a listing of all anticipated worksites. § <br><br><br> Due to the complexity of the information, please see the attached itinerary in employer letter. <br> (Attachment 2) |
|---|

---

ETA Form 9142                          FOR DEPARTMENT OF LABOR USE ONLY                          Page 4 of 6

Case Number: C-11103-54715      Case Status: Certified    Validity Period: 6-26-11 to 11-23-11

OMB Approval 1205-0466
Expiration Date  11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



### G.  Rate of Pay

| 1.  Basic Rate of Pay Offered * | 1a.  Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ __7__ . __25__   To (Optional): $ __8__ . __42__ ** | From: $ _N/A_ . ____   To (Optional): $ _N/A_ . ____ |

2.  Per:   (Choose only one) *
☒ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☐ Year  ☐ Piece Rate

2a.  If Piece Rate is indicated in question 2, specify the wage offer requirements: §

3.  Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures).
    If necessary, add attachment to continue and complete description. §

** Prevailing wage may vary from one area of intended employment to the next and as specified in DoL FAQ's for H-2B Certifications in the Entertainment Industry.

4.  For H-2A applications where the rate of pay is based upon multiple crop or agricultural activities, please confirm that Appendix A.1 is complete and being submitted with the filing of this application. §    ☐ Yes  ☐ No  ☒ N/A

### H.  Recruitment Information

1.  Name of State Workforce Agency (SWA) serving the area of intended employment *
    Virginia Workforce Connection

| 2.  SWA job order identification number * | 2a.  Start date of SWA job order * | 2b.  End date of SWA job order * |
|---|---|---|
| 208591 | 03/24/2011 | 04/04/2011 |

3.  Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? *    ☒ Yes  ☐ No

| 4. 5. Name of Newspaper/Publication *(in area of intended employment)* * | Dates of Print Advertisement * | |
|---|---|---|
| The Roanoke Times | From: 03/27/2011 | To: 03/28/2011 |
|  | From: | To: |

6.  Additional Recruitment Activities.  Use the space below to identify the type(s) or source(s) of recruitment, geographic location(s) of recruitment, and the date(s) on which recruitment was conducted.  If necessary, add attachment to continue and complete description. *

For our 2011 seasonal need (ETA Case No. C-10356-52620), we advertised in The St. Petersburg Times and the Employ Florida website. Four people applied and 2 were offered jobs. Neither of those 2 workers showed up to work for us when our season started. One of those workers did call to let us know that he found another job and was no longer interested in working for us. For our 2010 peakload season, we advertised in The Roanoke Times and the Virginia job bank. That advertisement and posting yielded no applicants. We also place newspaper ads at some of our larger fair locations such as Timonium, Maryland. We use The Baltimore Sun for that location and have hired a couple of workers who were willing to work that one spot only. Also for the 2009 season, we advertised in the Florida Times-Union and The Stuart News and hired one person.

We have some employees who work with us each year. Although we invite these workers back for the next season, we never know who will return until the start of the season. Because we do not have a sufficient number of amusement attendants who work with us all season, we also rely on local workers (walk-ups) who ask for work at some of our locations. We perform a background check and drug testing on all new workers for safety reasons (continued on Attachment 3)

---

FOR DEPARTMENT OF LABOR USE ONLY                        Page 5 of 6

Case Number: _C-11008-54715_     Case Status: _Certified_     Validity Period: _6-26-11_ to _11-23-11_

OMB Approval 1205-0466
Expiration Date 11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



**I. Declaration of Employer and Attorney/Agent**

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor. Applications that fail to attach Appendix A.2 or Appendix B.1 will be considered incomplete and not accepted for processing by the ETA application processing center.

| | | | | |
|---|---|---|---|---|
| 1. For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in Appendix A.2. § | ☐ Yes | ☐ No | ☒ N/A |
| 2. For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in Appendix B.1. § | ☒ Yes | ☐ No | ☐ N/A |

**J. Preparer**

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1. Last (family) name §     (Same as Section E) | 2. First (given) name § | 3. Middle initial § |
|---|---|---|
| 4. Job Title § | | |
| 5. Firm/Business name § | | |
| 6. E-Mail address § | | |

**K. U.S. Government Agency Use (ONLY)**

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed. By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from _____6-26-11_____ to _____11-23-11_____

_____
Department of Labor, Office of Foreign Labor Certification

Case number ___C-11103-54715___

_____4-25-11_____
Determination Date (date signed)

Case Status ___Certified___

**L. OMB Paperwork Reduction Act (1205-0466)**

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Respondent's reply to these reporting requirements is mandatory to obtain the benefits of temporary employment certification (Immigration and Nationality Act, Section 101 (a)(15)(H)(ii)). Public reporting burden for this collection of information is estimated to average 2 hours 10 minutes per response for H-2A and 2 hours 45 minutes for H-2B, including the time for reviewing instructions searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210. Do NOT send the completed application to this address.

ETA Form 9142                      FOR DEPARTMENT OF LABOR USE ONLY                      Page 6 of 6

Case Number: C-11103-54715     Case Status: Certified     Validity Period: 6-26-11 to 11-23-11

OMB Control Number 1205-0466
Expiration Date 11/30/2011

**Application for Temporary Employment Certification**
ETA Form 9142 – APPENDIX B.1
U.S. Department of Labor



For Use in Filing Applications Under the H-2B Non-Agricultural Program ONLY

**A. Attorney or Agent Declaration**

*I hereby certify that I am an employee of, or hired by, the employer listed in Section C of the ETA Form 9142, and that I have been designated by that employer to act on its behalf in connection with this application. I also certify that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Attorney or Agent's last (family) name | 2 First (given) name | 3. Middle initial |
|---|---|---|
| Pierce | Robert | Wayne |
| 4. Firm/Business name | | |
| The Pierce Law Firm, LLC | | |
| 5  E-Mail address | | |
| obowp@adventurelaw.com | | |
| 6. Signature | | 7. Date signed |
| R Wayne Pierce | | 12 Apr 11 |

**B. Employer Declaration**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The job opportunity is a bona fide, full-time temporary position, the qualifications for which are consistent with the normal and accepted qualifications required by non-H-2B employers in the same or comparable occupations.

2. The job opportunity is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute involving a work stoppage.

3. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought. Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections.

4. The offered terms and working conditions of the job opportunity are normal to workers similarly employed in the area(s) of intended employment and are not less favorable than those offered to the foreign worker(s) and are not less than the minimum terms and conditions required by Federal regulation at 20 CFR 655, Subpart A.

5. The offered wage equals or exceeds the highest of the prevailing wage, the applicable Federal, State, or local minimum wage, and the employer will pay the offered wage during the entire period of the approved labor certification.

6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage, or the legal Federal or State minimum wage, whichever is highest.

7. During the period of employment that is the subject of the labor certification application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including employment-related health and safety laws;

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the Application for Temporary Employment Certification in the area of intended employment within the period beginning 120 days before the date of need, except where the employer also attests that it offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) either refused the job opportunity or was rejected for the job opportunity for lawful, job-related reasons.

Case Number: C-11084-54715   Case Status: Certified   Period of Employment: 6-26-11 to 11-23-11

OMB Control Number 1205-0466
Expiration Date 11/30/2011

### Application for Temporary Employment Certification
### ETA Form 9142 – APPENDIX B.1
### U.S. Department of Labor



9   The employer and its agents and/or attorneys have not sought or received payment of any kind from the employee for any activity related to obtaining labor certification, including payment of the employer's attorney's fees, application fees, or recruitment costs.  For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10.  Unless the H-2B worker is being sponsored by another subsequent employer, the employer will inform H-2B workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under § 655.35, and that if dismissed by the employer prior to the end of the period, the employer is liable for return transportation.

11   Upon the separation from employment of any foreign worker(s) employed under the labor certification application, if such separation occurs prior to the end date of the employment specified in the application, the employer will notify the Department and DHS in writing or any other method specified of the separation from employment not later than forty-eight (48) hours after such separation is discovered by the employer.

12.  The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment listed on the Application for Temporary Employment Certification unless the employer has obtained a new temporary labor certification from the Department.

13.  The dates of temporary need, reason(s) for temporary need, and number of worker positions being requested for certification have been truly and accurately stated on the application.

14.  If the application is being filed as a job contractor, the employer will not place any H-2B workers employed pursuant to the labor certification application with any other employer or at another employer's worksite unless:

    (i)   The employer applicant first makes a bona fide inquiry as to whether the other employer has displaced or intends to displace a similarly employed U.S. worker within the area of intended employment within the period beginning 120 days before and throughout the entire placement of the H-2B worker, the other employer provides written confirmation that it has not so displaced and does not intend to displace such U.S. workers; and

    (ii)  All worksites are listed on the certified Application for Temporary Employment Certification

I hereby designate the agent or attorney identified in section D (if any) of the ETA Form 9142 to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, I take full responsibility for the accuracy of any representations made by my agent or attorney.

I declare under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate.  *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Deggeller | Catherine | B. |
| 4. Title | | |
| Corporate Secretary | | |
| 5. Signature   *Catherine B. Deggeller* | | 6. Date signed |
| | | 04/06/2011 |

ETA Form 9142 – Appendix B.1    **FOR DEPARTMENT OF LABOR USE ONLY**    Page B.2 of B.2

Case Number: C-11105-54715   Case Status: Certified   Period of Employment: 10-26-11 to 11-23-11

**2012**

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor

DEC 30 2011



*Please read and review the filing instructions carefully before completing the ETA Form 9142. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be accepted by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( \* ) must be completed as well as any fields/items where a response is conditional as indicated by the section (§) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol):* * | H-2B |
|---|---|

### B. Temporary Need Information

| 1. Job Title * | Amusement Worker | |
|---|---|---|

| 2. SOC (ONET/OE$) code * | 3. SOC (ONET/OES) occupation title * |
|---|---|
| 39-3091 | Amusement and Recreation Attendant |

| 4. Is this a full-time position? * | Period of Intended Employment | |
|---|---|---|
| ☒ Yes   ☐ No | 5. Begin Date * *(mm/dd/yyyy)*  02/01/2012 | 6. End Date * *(mm/dd/yyyy)*  11/21/2012 |

7. Worker positions needed/basis for the visa classification supported by this application

**-50 44**   Total Worker Positions Being Requested for Certification *

Basis for the visa classification supported by this application
*(Indicate the total workers in each applicable category based on the total workers identified above)*

| **50 44** a. New employment * | | d. New concurrent employment * |
|---|---|---|
| b. Continuation of previously approved employment * without change with the same employer | | e. Change in employer * |
| c. Change in previously approved employment * | | f. Amended petition * |

8. Nature of Temporary Need: (Choose only one of the standards) *

☒ Seasonal      ☐ Peakload      ☐ One-Time Occurrence      ☐ Intermittent or Other Temporary Need

9. Statement of Temporary Need *

Deggeller Attractions, Inc. has a temporary need for amusement workers because our business is seasonal.

Our carnival season begins in mid-January and ends in mid-November. The work offered is seasonal and for this period of time only. Since it is standard industry practice to sign multi-year contracts, we work at the same sites every year. The dates change only slightly to reflect that we begin on a certain day of the week rather than a specific date of the year. Because the January event is small and has lower attendance, we do not utilize all of our equipment. Therefore, we believe we will have sufficient staff to meet the needs of our contracts prior to our first big event and want the H-2B certification to begin with our Florida State Fair event in February. We request that our certification begin February 1 to allow the workers time for orientation, training, and moving and setting up equipment for our first event. We want the workers to remain until November 21 to help disassemble, clean, and move equipment to winter quarters. At the end of the carnival season, I have no work and no payroll for these amusement workers. This period of time is not considered a lay-off or vacation.

Our payroll records substantiate our seasonal need by showing that I have no wages for attendants in December and January. The event in January is staffed by management and family members.

(continued on Attachment 1)

---

ETA Form 9142          FOR DEPARTMENT OF LABOR USE ONLY          Page 1 of 6

Case Number: 11-364-56167     Case Status: Certified     Validity Period: 2/1/12 to 11/21/12

Everything blackened
has been redacted
under exemption #6

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

**Application for Temporary Employment Certification**
**ETA Form 9142**
**U.S. Department of Labor**



---

**C. Employer Information**

<u>Important Note</u>: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, <u>by name, mailing address, and total worker positions needed</u>, under the application.

| | |
|---|---|
| 1. Legal business name * <br>     Deggeller Attractions, Inc. | |
| 2. Trade name/Doing Business As (DBA), if applicable | |
| 3. Address 1 * <br>     mailing: PO Box 238 | |
| 4. Address 2 <br>     physical: 3350 SW Deggeller Ct, Palm City, FL 34990 | |

| 5. City * <br> Stuart | 6. State * <br> FL | 7. Postal code * <br> 34995 |
|---|---|---|
| 8. Country * <br> USA | 9. Province <br> N/A | |
| 10. Telephone number * <br> 772-286-2011 | 11. Extension <br> N/A | |
| 12. Federal Employer Identification Number (FEIN from IRS) * <br> ▮▮▮▮▮▮ | 13. NAICS code (must be at least 4-digits) * <br> 713990 | |

14. Type of employer application (choose only one box below) *

☒ Individual Employer        ☐ Association – Sole Employer (H-2A only)
☐ H-2A Labor Contractor or    ☐ Association – Joint Employer (H-2A only)
    Job Contractor            ☐ Association – Filing as Agent (H-2A only)

---

**D. Employer Point of Contact Information**

<u>Important Note</u>: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section <u>must be</u> different from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter <u>only</u> the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| 1. Contact's last (family) name * <br> Deggeller | 2. First (given) name * <br> Catherine | 3. Middle name(s) * <br> B. |
|---|---|---|
| 4. Contact's job title * <br>     Corporate Secretary | | |
| 5. Address 1 * <br>     mailing: PO Box 238 | | |
| 6. Address 2 <br>     physical: 3350 SW Deggeller Ct, Palm City, FL 34990 | | |

| 7. City * <br> Stuart | 8. State * <br> FL | 9. Postal code * <br> 34995 |
|---|---|---|
| 10. Country * <br> USA | 11. Province <br> N/A | |

| 12. Telephone number * <br> 772-215-2225 | 13. Extension <br> N/A | 14. E-Mail address <br> ddeggeller@gmail.com |
|---|---|---|

---

ETA Form 9142       **FOR DEPARTMENT OF LABOR USE ONLY**       Page 2 of 6

Case Number: 11-36▮-▮▮▮▮7    Case Status: _Certified_    Validity Period: _2/1/12_ to _1/21/12_



Post Office Box 238
Sluart, Florida 34995
(772) 286-1950

**ETA Form 9142**
**Section H.6. Additional Recruitment Activities**
**Attachment 3**

(continued from ETA Form 9142)

Our 2010 pre-season advertising resulted in job offers to 4 workers, who then did not show up when our season started. Two workers were hired from our 2011 pre-season recruiting. Again, neither of these workers worked even one day for us when our season began. Sometimes we place newspaper ads at some of our larger fair locations such as Timonium, Maryland. For that event, we use *The Baltimore Sun* for supplemental recruiting and have hired a couple of workers who were willing to work that one spot only. At the end of our 2011 season we announced an incentive for our current workers to help us recruit local workers. They have the opportunity to earn a substantial bonus at the end of the 2012 season if they refer a new worker to us and meet this criteria: a $250 bonus is earned if the new worker stays 60 days, another $250 bonus is earned if the new worker stays 5 months, and another $500 bonus is earned if the new worker stays for the whole season. We will post this incentive offer on our website www.deggeller.com.

A stable workforce throughout our season greatly benefits our company and provides a safe and fun carnival experience for our patrons. The 2012 pre-season advertising specified in Section H of our ETA Form 9142 exceeds the minimum advertising requirements for the H-2B program. The newspaper ad also appeared online at www.monster.com. We will continue to recruit and interview all interested applicants to reach our staffing needs of approximately 65-75 amusement workers. We will attempt to hire U.S. workers by placing advertisements and job postings prior to recruiting foreign workers in compliance with the H-2B labor program. The results of these efforts will be attached as a final recruiting report.

*America's Spectacular Midway*

Everything blackened
has been redacted
under exemption #6

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Temporary Employment Certification
ETA Form 9142
U.S. Department of Labor



**E. Attorney or Agent Information (if applicable)**

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | | ☒ Yes   ☐ No |
|---|---|---|
| 2. Attorney or Agent's last (family) name § Pierce | 3. First (given) name § Robert | 4. Middle name(s) § Wayne |

| 5. Address 1 § 133 Defense Highway, Suite 106 |
|---|
| 6. Address 2 |

| 7. City § Annapolis | | 8. State § MD | 9. Postal code § 21401 |
|---|---|---|---|
| 10. Country § USA | | 11. Province N/A | |
| 12. Telephone number § 410-573-9955 | 13. Extension N/A | 14. E-Mail address obowp@adventurelaw.com | |
| 15. Law firm/Business name § The Pierce Law Firm, LLC | | 16. Law firm/Business FEIN § ▓▓▓▓▓▓ | |
| 17. State Bar number (only if attorney) § Maryland does not issue state bar numbers. | | 18. State of highest court where attorney is in good standing (only if attorney) § Maryland | |
| 19. Name of the highest court where attorney is in good standing (only if attorney) § Court of Appeals | | | |

**F. Job Offer Information**

**a. Job Description**

| 1. Job Title * Amusement Worker | |
|---|---|
| 2. Number of hours of work per week Basic *: 40   Overtime: N/A | 3. Hourly Work Schedule * A.M. (h:mm): 3:00 PM P.M. (h:mm): 11:00 PM ** |
| 4. Does this position supervise the work of other employees? *   ☐ Yes ☒ No | 4a. If yes, number of employees worker will supervise (if applicable) § N/A |

5. Job duties – A description of the duties to be performed MUST begin in this space.  If necessary, add attachment to continue and complete description. *

Serve food; erect, tear down, operate, and maintain games, collect tickets/fees; assist patrons. Hours and schedule vary.  Work outside in all weather conditions. Must be able to lift and be physically mobile. Travel to all locations required and provided by employer as listed on attached itinerary (Section F. c. 7a. Place of Employment Information).

(*Subject to industry practice, e.g., rainouts, brief periods without scheduled events, and unforeseen cancellations.)

(**As stated on our ETA Form 9141, our hourly work schedule and weekly hours vary because of the weather and contracts we have with our individual event sponsors.  Sometimes the event opens around noon and ends around 10 or 11 pm. This commonly occurs at larger events such as county and state fairs and/or on Fridays, Saturdays, or Sundays.)

OMB Approval 1205-0466
Expiration Date: 11/30/2011

**Application for Temporary Employment Certification**
**ETA Form 9142**
**U.S. Department of Labor**



---

**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

| 1. Education: minimum U.S. diploma/degree required * |
| --- |
| ☒ None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's ☐ Doctorate (PhD) ☐ Other degree (JD, MD, etc.) |

| 1a. If "Other degree" in question 1, specify the diploma/degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
| --- | --- |
| N/A | N/A |

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes   ☒ No |
| --- | --- |

| 2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required § |
| --- |
| N/A |

| 3. Is training for the job opportunity required? * | ☐ Yes   ☒ No |
| --- | --- |

| 3a. If "Yes" in question 3, specify the number of months of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
| --- | --- |
| N/A | N/A |

| 4. Is employment experience required? * | ☐ Yes   ☒ No |
| --- | --- |

| 4a. If "Yes" in question 4, specify the number of months of experience required § | 4b. Indicate the occupation required § |
| --- | --- |
| N/A | N/A |

| 5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. * |
| --- |
| Must pass drug test and criminal background check paid for by employer. (See Attachment 4.) |

**c. Place of Employment Information**

| 1. Worksite address 1 * |
| --- |
| Florida State Fair |

| 2. Address 2 |
| --- |
| 4800 Highway 301 North |

| 3. City * | 4. County * |
| --- | --- |
| Tampa | Hillsborough |

| 5. State/District/Territory * | 6. Postal code * |
| --- | --- |
| FL | 33610 |

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ☒ Yes   ☐ No |
| --- | --- |

| 7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to continue and complete a listing of all anticipated worksites. § |
| --- |
| Due to the complexity of the information, please see the attached itinerary in employer letter. (see Attachment 2) |

---

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

**Application for Temporary Employment Certification**
**ETA Form 9142**
**U.S. Department of Labor**



### G. Rate of Pay

| 1. Basic Rate of Pay Offered * | 1a. Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ __7__ . __57__   To (Optional): $ __8__ . __29__ * | From: $ _N/A_ . ____   To (Optional): $ _N/A_ . ____ |

2. Per: (Choose only one) *

☒ Hour   ☐ Week   ☐ Bi-Weekly   ☐ Month   ☐ Year   ☐ Piece Rate

2a. If Piece Rate is indicated in question 2, specify the wage offer requirements: §

3. Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures). If necessary, add attachment to <u>continue and complete</u> description. §

\* Prevailing wage may vary from one area of intended employment to the next and as specified in DoL FAQ's for H-2B Certifications in the Entertainment Industry.

| 4. For H-2A applications where the rate of pay is based upon <u>multiple crop or agricultural activities</u>, please confirm that Appendix A.1 is complete and being submitted with the filing of this application. § | ☐ Yes ☐ No ☒ N/A |
|---|---|

### H. Recruitment Information

1. Name of State Workforce Agency (SWA) serving the area of intended employment *
**State of Florida Agency for Workforce Innovation**

| 2. SWA job order identification number * | 2a. Start date of SWA job order * | 2b. End date of SWA job order * |
|---|---|---|
| 9628893 | 12/12/2011 | 12/22/2011 |

| 3. Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? * | ☒ Yes   ☐ No |
|---|---|

| Name of Newspaper/Publication *(in area of intended employment)* * | Dates of Print Advertisement * | |
|---|---|---|
| 4.  St. Petersburg Times | From: 12/17/2011 | To: 12/18/2011 |
| 5. | From: | To: |

6. Additional Recruitment Activities. Use the space below to identify the type(s) or source(s) of recruitment, geographic location(s) of recruitment, <u>and</u> the date(s) on which recruitment was conducted. If necessary, add attachment to <u>continue and complete</u> description. *

Maintaining a reliable workforce for our company is a constant challenge. We have some employees who work with us each year. Although we invite these workers back for the next season, we never know who will return until the start of the season. Because we do not have a sufficient number of amusement attendants who work with us all season, we also rely on local workers (walk-ups) who ask for work at some of our locations. We perform a criminal background check and drug testing on all new workers for safety reasons and in order to meet our contractual requirements. Many of the walk-ups do not pass the screening and therefore we are unable to hire them. We can never reliably predict who will show up from one day to the next and from one event to the next. When we cannot obtain sufficient walk-up help, we try to hire workers from temporary employment agencies. Some agencies will not send us workers because their worker's compensation insurance does not cover carnival workers. Applicants can also contact us via our website www.deggeller.com, where we list the types of jobs for which we are hiring and the names and phone numbers of our staff.

(continued on Attachment 3)

ETA Form 9142          **FOR DEPARTMENT OF LABOR USE ONLY**          Page 5 of 6

Case Number: _____   Case Status: _Certified_   Validity Period: _2/1/12_ to _1/31/13_

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

### Application for Temporary Employment Certification
### ETA Form 9142
### U.S. Department of Labor



## I. Declaration of Employer and Attorney/Agent

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A.2 or Appendix B.1 will be considered incomplete and not accepted for processing by the ETA application processing center.

| | | |
|---|---|---|
| 1.  For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in Appendix A.2. § | ☐ Yes   ☐ No | ☒ N/A |
| 2.  For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in Appendix B.1. § | ☒ Yes   ☐ No | ☐ N/A |

## J. Preparer

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1.  Last (family) name § | 2.  First (given) name § | 3.  Middle initial § |
|---|---|---|
| (Same as Section E) | | |
| 4.  Job Title § | | |
| | | |
| 5.  Firm/Business name § | | |
| | | |
| 6.  E-Mail address § | | |

## K.  U.S. Government Agency Use (ONLY)

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.  By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from ___2/1/1___ to ___11/21/12___

_____
Department of Labor, Office of Foreign Labor Certification

___C-11364-56161___
Case number

_____1/6/12_____
Determination Date (date signed)

___Certified___
Case Status

## L.  OMB Paperwork Reduction Act (1205-0466)

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Respondent's reply to these reporting requirements is mandatory to obtain the benefits of temporary employment certification (Immigration and Nationality Act, Section 101 (a)(15)(H)(ii)).  Public reporting burden for this collection of information is estimated to average 2 hours 10 minutes per response for H-2A and 2 hours 45 minutes for H-2B, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Office of Foreign Labor Certification * U.S Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.  Do NOT send the completed application to this address.

OMB Control Number: 1205-0466
Expiration Date: 11/30/2011

### Application for Temporary Employment Certification
ETA Form 9142 – APPENDIX B.1
. U.S. Department of Labor



**For Use in Filing Applications Under the H-2B Non-Agricultural Program ONLY**

## A. Attorney or Agent Declaration

*I hereby certify that I am an employee of, or hired by, the employer listed in Section C of the ETA Form 9142, and that I have been designated by that employer to act on its behalf in connection with this application. I also certify that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Attorney or Agent's last (family) name<br>Pierce | 2. First (given) name<br>Robert | 3. Middle initial<br>W. |
|---|---|---|
| 4. Firm/Business name<br>The Pierce Law Firm, LLC | | |
| 5. E-Mail address<br>obowp@adventurelaw.com | | |
| 6. Signature<br>*RWayne Pierce* | | 7. Date signed<br>12/29/2011 |

## B. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The job opportunity is a bona fide, full-time temporary position, the qualifications for which are consistent with the normal and accepted qualifications required by non-H-2B employers in the same or comparable occupations.

2. The job opportunity is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute involving a work stoppage.

3. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought. Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections.

4. The offered terms and working conditions of the job opportunity are normal to workers similarly employed in the area(s) of intended employment and are not less favorable than those offered to the foreign worker(s) and are not less than the minimum terms and conditions required by Federal regulation at 20 CFR 655, Subpart A.

5. The offered wage equals or exceeds the highest of the most recent prevailing wage that is or will be issued by the Department to the employer for the time period the work is performed, or the applicable Federal, State, or local minimum wage, and the employer will pay the offered wage.

6. The offered wage is not based on commissions, bonuses or other incentives, unless the employer guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage, or the legal Federal or State minimum wage, whichever is highest.

7. During the period of employment that is the subject of the labor certification application, the employer will comply with applicable Federal, State and local employment-related laws and regulations, including employment-related health and safety laws;

8. The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the Application for Temporary Employment Certification in the area of intended employment within the period beginning 120 days before the date of need, except where the employer also attests that it offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) either refused the job opportunity or was rejected for the job opportunity for lawful, job-related reasons.

OMB Control Number: 1205-0466
Expiration Date: 11/30/2011

**Application for Temporary Employment Certification**

ETA Form 9142 – APPENDIX B.1

U.S. Department of Labor



9. The employer and its agents and/or attorneys have not sought or received payment of any kind from the employee for any activity related to obtaining labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs. For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

10. Unless the H-2B worker is being sponsored by another subsequent employer, the employer will inform H-2B workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under § 655.35, and that if dismissed by the employer prior to the end of the period, the employer is liable for return transportation.

11. Upon the separation from employment of any foreign worker(s) employed under the labor certification application, if such separation occurs prior to the end date of the employment specified in the application, the employer will notify the Department and DHS in writing or any other method specified of the separation from employment not later than forty-eight (48) hours after such separation is discovered by the employer.

12. The employer will not place any H-2B workers employed pursuant to this application outside the area of intended employment listed on the Application for Temporary Employment Certification unless the employer has obtained a new temporary labor certification from the Department.

13. The dates of temporary need, reason(s) for temporary need, and number of worker positions being requested for certification have been truly and accurately stated on the application.

14. If the application is being filed as a job contractor, the employer will not place any H-2B workers employed pursuant to the labor certification application with any other employer or at another employer's worksites unless:

    (i)   The employer applicant first makes a bona fide inquiry as to whether the other employer has displaced or intends to displace a similarly employed U.S. worker within the area of intended employment within the period beginning 120 days before and throughout the entire placement of the H-2B worker, the other employer provides written confirmation that it has not so displaced and does not intend to displace such U.S. workers; and

    (ii)   All worksites are listed on the certified Application for Temporary Employment Certification

I hereby designate the agent or attorney identified in section D (if any) of the ETA Form 9142 to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, I take full responsibility for the accuracy of any representations made by my agent or attorney.

I declare under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| Deggeller | Catherine | B. |

| 4. Title | | |
|---|---|---|
| Corporate Secretary | | |

| 5. Signature | 6. Date signed |
|---|---|
| *Catherine Deggeller* | 12/26/2011 |